### Burke, Tax Com'r of Jefferson County v. Department of Revenue et al.

Feb. 16, 1943.

Lawrence S. Grauman for appellant.

Hubert Meredith, Attorney General, and Earl S. Wilson, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming in part and reversing in part.

Chapter 131 of the Acts of 1942, entitled "An Act relating to revenue and taxation," deals with the assessment of property for taxation and contains numerous provisions with reference to county tax commissioners and their duties.

By section 1 of the Act any person seeking the office of county tax commissioner must in the month of January, 1945, take an examination to be given by the Department of Revenue before his name can be placed on the ballot as a candidate. It is provided that the questions on the examination "shall be formulated so as to fairly test the ability of the applicant to serve as county tax commissioner."

Section 10 of the Act provides in part as follows:

"Whenever it shall appear satisfactorily to the Department of Revenue upon complaint made by the owners of not less than ten per cent (10%) of the taxable property in the assessment district or upon the investigation of the Department of Revenue or for any other just reason that the assessment of property or any class of property in such district is not in substantial compliance with the law and that the interest of the public necessitates a reassessment thereof, the Department of Revenue shall have authority to order a reassessment of all or any part of the taxable property in such district to be made by one or more persons appointed for that purpose by the said Department. The order directing such reassessment shall state the reasons therefor and a copy shall be filed in the office of the clerk of the county court where the property lies."

Section 16 provides that the board of supervisors may increase the assessment or assess unlisted property but before doing so shall give notice to the owner, if known, otherwise to the occupant and the tax commissioner is required to serve the notice in the manner in which summons is required to be served.

In this declaratory judgment action filed by appellant it was contended that the title of the Act does not give reasonable notice of the provision with reference to how a candidate for the office of county tax commissioner may become eligible to have his name placed upon the

ballot and that the Act was therefore violative of section 51 of the Constitution which provides that "No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title * * *."

It was further contended that section 10 of the Act was violative of section 2 of the Constitution of Kentucky in that it vested arbitrary power in the Department of Revenue to order a reassessment. The claim was also made that section 1 of the Act vested arbitrary power in the Department of Revenue in failing to provide standards as to the character of questions to test the ability of applicants and in failing to set a standard by which the examination papers were to be graded.

The petition also stated that an actual controversy existed between appellant and appellees as to the manner of service of the notices of proposed increases in assessments to be given by the board of supervisors pursuant to section 16, it being claimed that such notices, required to be served in the same manner as a summons, could be served in the manner in which a notice is required to be served by the Civil Code of Practice, section 625.

The trial court adjudged the act constitutional in its entirety. It was also adjudged that notices under section 16 should be served in the same manner as a summons is required to be served by the sheriff. A further adjudication was made as to the compensation of the tax commissioner under section 6 for sending notices by registered mail and as to the duty of the Department of Revenue to advance certain sums therefor but since neither appellant nor appellees question the correctness of this portion of the judgment no further mention will be made of it.

In support of the contention that the title to the Act fails to meet the requirements of section 51 of the Constitution it is argued that the title is not sufficient to give notice that the Act deals with the qualifications of county tax commissioners and proposes to invalidate certificates of qualification theretofore issued. We think there is little force in the argument. The title is what is known as a general title. The Legislature may in its discretion select a general or restrictive title. State Board of Charities and Corrections v. Combs, 193 Ky.

548, 237 S. .W. 32. And any provisions in the body of the Act which are so related to the title as to be reason-ably embraced within its terms and germane thereto are valid; and whatever is materially connected with and not foreign to the subject of the Act is germane thereto. Fiscal Court of Jefferson County v. Jefferson County Board of Education, 196 Ky. 212, 244 S. W. 764, 767; District Board v. Bradley, 188 Ky. 426, 222 S. W. 518.

That the qualifications of a tax commissioner are germane to the subject or title "Revenue and Taxation" seems to be beyond question. For taxation purposes there must be an assessing officer and, necessarily, the functions and qualifications of such an officer relate to the subject of taxation. Qualifications and duties of tax assessors are treated generally by law writers and compilers under the title "Revenue and Taxation." In Madison County v. Hamilton, 243 Ky. 29, 47 S. W. (2d) 938, 940, it was held that the title "An Act to amend and reenact Sections 4130, 4135, 4143, 4146, 4147, 4148, 4151, subsection 2 and 4250 of the Kentucky Statutes, John D. Carroll's edition, 1915, as amended by Chapter 175 of the 1926 Acts of the General Assembly of the Commonwealth of Kentucky, all relating to revenue and taxation" being a general title, was comprehensive enough to include the creation of the office of delinquent tax collector. Clearly, therefore, the title "Revenue and Taxation" is comprehensive enough to include a mere change in the qualifications and duties of existing tax commissioners. The cases relied on by appellant such as South v. Fish, 181 Ky. 349, 205 S. W. 329, and others are not controlling since they deal with acts having restricted titles.

The contention that the Act vests arbitrary power in the Department of Revenue and is thereby violative of section 2 of the Constitution because no standards are prescribed for the character of questions to test the ability of those who desire to be tax commissioners seems equally without merit, as does the contention that the Act confers arbitrary powers on the Department in failing to set standards for the grading of examination papers.

Section 4042a-11 of the Kentucky Statutes, which was repealed by the Act in question, provided that the questions on the examination should pertain to "the applicant's experience as an assessor, his knowledge of

the revenue laws, his knowledge of the geography of the county in which he expects to become a candidate, his knowledge of the industries and property of such county, and his elementary training and business experience to fill the office.'' The present act merely provides that the questions "shall be formulated so as to fairly test the ability of the applicant to serve as county tax commissioner.''

The argument is that the Act is fatally deficient in failing to provide some such standard as that prescribed in the repealed statute. We think this argument seeks to have us carry to an extreme the rule that laws must be uniform in their application, such as the holding in Slaughter v. Post, 214 Ky. 175, 282 S. W. 1091, where an ordinance was condemned which gave a city council discretion as to granting or refusing permits for filling stations, no standards being set up. But there, as pointed out by the court, we were dealing with a discretion of the Legislature itself to exercise so as to give exclusive privilege to a particular person. In the Act before us the Legislature had authority to provide for the appointment of tax commissioners by the Governor or by the Commissioner of Revenue or some other official. Having such power, it also had the power to provide that some designated official could determine their qualifications and to leave to such official the method of determination without going into detail with reference thereto. It had the right to assume that the Commissioner of Revenue would perform his duty and not give a frivolous examination. Had the Legislature attempted to specify the character of examination, as was done to some extent in the previous Act, frivolous and useless questions could just as well be asked. A general requirement that persons be examined and found qualified by a board before engaging in certain occupations has been upheld, Driscoll v. Com., 93 Ky. 393, 20 S. W. 431; Com. v. Basham, 101 Ky. 170, 40 S. W. 253, although no standard for the examination was provided. We think there was no vesting of arbitrary power in the Department of Revenue because the Act described no standard for the examination. The same conclusion is applicable to the argument that the Act should have provided a standard for grading the examination papers. It is difficult to conceive of any suitable standard other than the requirement of a certain grade. This argument carried to its logical ex-

treme would result in making the Legislature the graders of the examination papers.

As to section 10 of the Act the argument is that it vests arbitrary power in the Department of Revenue to order a reassessment because no standard is set up by which the Department is to determine the necessity of a reassessment. But, clearly, a standard is set up, that standard being the law itself. The Department may order a reassessment only when the assessment was "not in substantial compliance with the law" and when "the interest of the public necessitates a reassessment." Under this provision the Department may not act whimsically or capriciously—should it attempt to do so, injunctive relief could be secured against such action. Complete protection is afforded the taxpayer by the Act for relief from an unjust reassessment. Ample notice of the reassessment is required and the same right of appeal is given as exists in the case of a regular assessment. Similar provisions have been upheld in other jurisdictions. Herd v. State Tax Commission of New Mexico et al., 31 N. M. 44, 240 P. 988; State v. Daniels, 143 Wis. 649, 128 N. W. 565; Leser et al. v. Lowenstein et al., 129 Md. 244, 98a 712. We do not think there was a delegation of arbitrary power to the Department of Revenue to order a reassessment.

The final question concerns the manner of execution of notice of proposed increase of assessments by the board of supervisors. Section 4122 of the Kentucky Statutes, which dealt with this question but which was repealed by the Act, provided that such notices should be served by handing a copy to the taxpayer if he was in the county but that it might be served substantially in the manner in which notices are required by the Code to be served if the taxpayer were absent from the county or could not be found in the county. Section 16 of the Act provides that the notices shall be served by the tax commissioner or his deputy "in the manner in which summons are required by the Civil Code of Practice to be served by the sheriff."

Appellant insists that this portion of the Act should be construed to permit service of the notices in accord with the provisions of the Civil Code dealing with the manner of serving notices since, otherwise, in many instances it would be impossible to obtain service on account of the taxpayer's absence from the county. In

view, however, of the unequivocal language of the Act requiring service to be made in the same manner as a summons is served we feel unjustified in going to such an extreme in construction. But, since a literal construction would undoubtedly serve in many instances to prevent a carrying out of the purposes of the Act and since no such intent is to be attributed to the Legislature, it is our conclusion that the provisions should be construed in the light of reason and in accord with previous rulings of this court which the Legislature must be deemed to have had in mind.

In McKay v. Grundy, 155 Ky. 115, 159 S. W. 655, 658, was involved a requirement that notice of an election contest must be. executed in the same manner as a summons within five days from the time certificate of nomination was issued. The contestee concealed himself so that the notice could not be served and the sheriff served it in the manner provided by the Code for service of notice. In upholding the service the court said:

> "So when the statute, in one clause, requires the contestant to give notice of his contest within a specified time, and in a subsequent clause directs that the notice shall be served as a summons, the notice may be said to possess the characteristics of both a notice and a summons and may be served as a summons is served; or if that cannot be done within the five days by reason of the contestee concealing himself, or absenting himself, or by obstructing the service in any other way, it may then be served at any time within the five days, as a notice is served. The statute being of doubtful meaning in this respect, it should be so construed as to carry out the otherwise clearly expressed intention of the Legislature, which, in this instance, was to provide an effective, simple, and speedy procedure for the trial of election contests."

By analogy the statute in question should be construed to carry out the intention of the Legislature which was to provide the board of supervisors with an effective, simple procedure for determining the propriety of proposed increases in assessments. Therefore, if the taxpayer is absent from the county or so conceals himself that the notice cannot be handed to him or if the tax commissioner or his deputy attempting to serve the notice is unable after diligent effort to deliver it to the

taxpayer personally, it may then be served in the manner provided by the Civil Code for service of notices.

Construing the judgment as holding the act constitutional in its entirety in so far as its constitutionality was questioned by the pleadings, it is affirmed except as to that portion adjudging that the notices must be executed in the same manner as a summons is required to be executed. In the latter particular it is reversed with directions to enter a judgment in conformity with this opinion.