## Shelton v. McCarroll et al.

October 19, 1948.

Fox & Gordon and W. H. Southall for appellant.

Selden Y. Trimble for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Appellant, Charles F. Shelton, filed this action at law against appellees, Joe McCarroll and three others, wherein Shelton averred he was a licensed real estate agent in Hopkinsville (a third class city) and as such sold a valuable piece of real estate located near that city belonging to appellees for which they agreed to pay him a reasonable commission, which the petition avers is $1000. The answer denied the contract of employment and in a separate paragraph pleaded appellant did not have a license from the State Real Estate Commission to act as a real estate broker or salesman and pleaded in bar to this action KRS 324.320 which reads:

"No person, copartnership, or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman in a city of the first, second or third class or within five miles of the corporate limits thereof in this state shall bring or maintain any action in the courts of this state for the collection of compensation for any services performed as a real estate broker or salesman without alleging and proving that such person, copartnership, or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose."

By an amended petition appellant pleaded he held a real estate license issued by the City of Hopkinsville but admitted he had no such license issued by the State Real Estate Commission. Whereupon the Court held good the plea in bar, sustained a demurrer to the petition as amended, dismissed it and this appeal followed.

It is earnestly insisted by appellant that KRS Chapter 324 is a revenue and not a regulatory measure enacted under the police power, therefore he may collect his commission regardless of whether or not he had a State license, citing Miller & Damron v. Batten, 247 Ky. 339,

57 S. W. 2d 33. He further insists that if this chapter were enacted under the police power, it is unconstitutional since there is nothing in the business of a real estate broker or agent which may be subjected to regulation to protect the health, morals or general welfare of the citizens of this State, citing such cases as Tolliver v. Blizzard etc., 143 Ky. 773, 137 S. W. 509, 34 L. R. A., N. S., 890 and Goodpaster v. Kenton & Campbell Benev. Burial Ass'n, 279 Ky. 92, 129 S. W. 2d 1033.

The position of appellees is that the Act is a regulatory measure enacted under the police power, but if it is admitted arguendo to be a revenue measure, even then appellant cannot maintain this action to collect his commission because where a revenue measure contains a prohibition against the collection of the remuneration (as this Act does) and the Act is violated, no suit may be maintained to enforce the contract to pay for services. In support of their contention that the Act was passed under the police power, appellees cite such authorities as Howard v. Lebby, 197 Ky. 324, 246 S. W. 828, 30 A. L. R. 830; Hoblitzel v. Jenkins, 204 Ky. 122, 263 S. W. 764; and Lowther v. Peoples Bank, 293 Ky. 425, 169 S. W. 2d 35.

Chapter 324 KRS requires the applicant for a license to file a writing with the State Real Estate Commission giving the name of the firm with which he will be associated, its address and the time the applicant has been engaged in the real estate business. The application must show whether or not the applicant's license was ever suspended or revoked and he must post a bond of $1000 with two good and sufficient sureties guaranteeing his compliance with the provisions of the Act. The license when issued must be conspicuously displayed in the place of business of the licensee. The Act sets out eleven fundamental business principles the broker or real estate agent must follow, the violation of any one of which may lead to the revocation of his license through a procedure described in the Act. Should a license be revoked, it may not be reissued for five years. The Act further provides that the cost of its administration shall not exceed the total fees, charges, fines and penalties imposed under it.

It is patent that this Act was passed under the police

power in an attempt to keep within the bounds of good business ethics those engaged in the real estate business, and to protect the public from unscrupulous real estate brokers and agents.

The general rule is well stated in Goodpaster v. Kenton & Campbell Benev. Burial Ass'n, 279 Ky. 92, 129 S. W. 2d 1033, 1037, where the court quoted this from Ware v. Ammon, 212 Ky. 152, 278 S. W. 593:

"The rule is that, in order to sustain legislative interference with the business of the citizen, the court must be able to see that the act tends in some degree to promote the public health, morals, safety or welfare. In every case the means adopted must be reasonably necessary to accomplish that purpose, and should not be unduly oppressive upon the citizen."

There is much buying and selling of property through real estate brokers and agents and it certainly concerns public morals and welfare to have such brokers and agents identified and regulated by the State and required to execute a bond that they will conform to sound business practices, the violation of which will cause a revocation of their license. The terms of the Act cannot be said to be unduly oppressive upon those engaged as real estate brokers and are reasonably necessary to accomplish the purposes of the Act. An act very similar to the one now before us was held to be constitutional under the police power in Hoblitzel v. Jenkins, 204 Ky. 122, 263 S. W. 764, with the exception of that provision which did not grant a sufficient right of appeal to the courts.

In Board of Education of Ferguson Independent Graded School Dist. v. Elliott, 276 Ky. 790, 125 S. W. 2d 733, this court upheld the validity of an act under the police power requiring the licensing of architects. But appellant attempts to distinguish that case on the ground that such professions as those of architect, lawyer, doctor, dentist, etc., require regulation for the protection of the public, while it is not proper to apply regulations to an ordinary business or calling for the benefit of the commonwealth. With this we cannot agree. In City of Louisville v. Kuhn, 284 Ky. 684, 145 S. W. 2d 851, it was said that reasonable regulations may be applied to both businesses and professions. And in Rey-

nolds v. Walz, 278 Ky. 309, 128 S. W. 2d 734, it was said regulations of a profession differ from those applying to a purely commercial business.

Appellant puts much reliance on Miller & Damron v. Batten, 247 Ky. 339, 57 S. W. 2d 33. This Batten opinion recited that the ordinance of the City of Owensboro requiring a real estate broker to obtain a license was a revenue measure and the broker who had not secured his license was not precluded from suing to recover his commission. The rules relative to the collection of remuneration, where a license in a revenue measure is required but has not been obtained, may be found in Howard v. Lebby, 197 Ky. 324, 246 S. W. 828, 30 A. L. R. 830; Baskett v. Jones, 189 Ky. 391, 225 S. W. 158; Tussey v. Felty, 206 Ky. 506, 267 S. W. 765; Annotations, 269 A. L. R. 767. It was further pointed out in the Miller & Damron opinion that Batten was not a broker, therefore not required to have a license in order to recover a commission on one isolated transaction.

The judgment is affirmed.