## MILLER v. KENTUCKY STATE REAL ESTATE COMMISSION et al.

Court of Appeals of Kentucky.

Oct. 10, 1952.

Stuard Wegener, Covington, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., H. Bemis Lawrence, Louisville, for appellee.

MOREMEN, Justice.

This appeal is from a judgment of the Kenton Circuit Court which sustained appellee's demurrer to appellant's petition and whereby, upon appellant's declension

to plead further, the petition was dismissed.

The facts of the case as gleaned from the allegations of the petition and exhibits are substantially as follows: Appellant, Jeanette Miller, who was engaged in the real estate business, applied to the Kentucky State Real Estate Commission, upon a form of application furnished by it, for a broker's license to engage in the real estate business. This form required that two real estate owners certify the applicant "bears a good reputation for honesty, competency, and fair dealing, and recommend that a license be granted to said applicant." At the bottom of the certificate it was necessary that the persons who recommended the applicant sign their names and give their respective addresses. On the application appellant submitted to the Commission two signatures appeared which purported to be those of two property owners who were sponsoring her. A license was issued to appellant. Thereafter, and on March 29, 1952, the Commission issued a notice to appellant which stated they had received knowledge of facts that indicated she had obtained a license through fraudulent representations in violation of subsection (a) of KRS 324.160; that neither of the endorsers who appeared to have signed her application had, in fact, done so but, to the contrary, someone else had signed their names without their permission and knowledge. It was pointed out that if these facts were proved beyond a reasonable doubt it would appear that she was guilty of violating subsections (a) and (k) of Section 324.160. KRS 324.160 reads in part:

"The commission may suspend or revoke any license for any of the following causes:

"(a) Obtaining a license through false or fraudulent representation.

   \*     \*     \*     \*     \*     \*

"(k) Any other conduct that constitutes improper, fraudulent or dishonest dealing."

Appellant was also notified of a hearing at which time she would be called upon to show cause, if any she had, why her real estate license should not be suspended or revoked.

At a hearing before a full Commission, on April 26, 1952, the day set by the notice, an order was entered which reads in part:

"The Defendant, Mrs. Jeanette Martha Miller, appearing in person and by counsel and the Defendant entering a plea of guilty to violation of subsection a and k of Section 324.160 Kentucky Revised Statutes, and the commission being fully advised it is hereby ordered, adjudged and decreed that the Real Estate License rights of the aforesaid Jeanette Martha Miller are hereby suspended for a period of six (6) months commencing May 1, 1952 and ending October 31, 1952."

On June 24, 1952, appellant filed a petition in the Kenton Circuit Court in which she prayed that Chapter 324 of the Kentucky Revised Statutes be declared unconstitutional and void as being beyond the police powers of the Commonwealth of Kentucky; for a judgment setting aside and holding for naught the order entered on April 26, 1952, and for a further order and judgment requiring the defendant to issue a license to her.

Appellant urges as grounds for reversal that: (a) the notice given by the Commission to appellant of the hearing was insufficient; (b) the Commission does not have the police or regulatory power to suspend a license on the ground that applicant or licensee does not meet the moral requirements set up by the Commission; (c) the act, Chapter 324 of KRS, insofar as it attempts to create a Commission with judicial powers is in violation of Section 135 of the Constitution and is void; (d) the petition alleges sufficiently a cause of action based on fraud and collusion; and (e) the order of the Commission was unconstitutional in that it impaired the obligation of contracts.

We will discuss the points raised, categorically, under the same letters of designation used above:

■ A. KRS 324.170 provides that the applicant or licensee shall be given written

notice of the charges made and the date and place of the hearing. The notice served in the instant cause—after definitely fixing the time and place of hearing—states:

"This action is predicated upon information received by this Commission to the effect that in the submission of your application for broker's license which was received in this office on January 12, 1952, you obtained a license through false or fraudulent representations in violation of Subsection (a) of Section 324.160 Kentucky Revised Statutes, in that your application indicates that Mrs. Nick Loving of Box 194–A, Dudley Pike, Covington, Kentucky and Mrs. Margie Fierbery of 1826 Scott Street, Covington, Kentucky, signed and endorsed your application, said application providing in writing that two real estate owners must certify that you as an applicant possessed a good reputation for honesty, competency and fair dealings. The facts indicate that neither of such individuals signed your application, but that to the contrary someone else signed their names without their permission and knowledge. If these facts are proven beyond a reasonable doubt, it would appear that you are guilty of violating the aforementioned Subsection (a) and also of violating Subsection (k) of Section 324.160 Kentucky Revised Statutes."

We believe the notice to be explicit.

B. It is true that there is confusion among our opinions concerning the power of the Commission to refuse a license upon the ground that the applicant is morally unfit to engage in the business.

In Hoblitzel v. Jenkins, 204 Ky. 122, 263 S.W. 764, the court held that an act of the General Assembly of 1924 giving to a Real Estate Commission the right to issue licenses and regulate the real estate business in exercise of its general police powers was constitutional and proper, and further held that the Commission was within its right in refusing to grant licenses except to persons who bear a good reputation for honesty, truthfulness and fair dealing.

In Rawles v. Jenkins, 212 Ky. 287, 279 S.W. 350, 352, it was held that although a real estate agent sometimes acts in a fiduciary capacity, the nature of the business is such that it is no more dangerous to the public than any other ordinary occupation of life, and said:

"Of course, moral fitness on the part of the real estate broker, and of every other business man, is a thing greatly to be desired, but, unless the business as ordinarily conducted is unusually dangerous to the public, we shall have to leave something to religious and moral training, to public opinion, and to the ordinary laws of the land. For the reasons given, we are constrained to the view that the statute, in so far as it makes the obtainment or retention of a license depend on the moral fitness of the applicant or licensee, is unconstitutional, and to this extent the case of Hoblitzel v. Jenkins, 204 Ky. 122, 263 S.W. 764, is hereby overruled."

In Shelton v. McCarroll, 308 Ky. 288, 214 S.W.2d 396, the Rawles case was apparently not called to our attention and the court, without reference to it, returned to the authority of Hoblitzel v. Jenkins and affirmed the theory advanced in that case, i. e., the real estate business was of such a nature as involved public health, morals and welfare. The court, as constituted at present, is inclined to the acceptance of the principle that the duties of a real estate agent for the most part involve relationships which are fiduciary in character, but we are not now faced with that question because the primary issue in this case is whether or not appellant violated Subsection (a) of Section 324.160, which deals with false representation in obtaining a license. She pled guilty to the charge set out in the notice, and that act in itself was a firm basis for the action of the Commission. The question of fraudulent obtention of a license was not discussed in any of the above cases, and we have no hesitancy in holding that such fraud may be

a basis for revoking or suspending a license.

■■ C. In all the cases cited under B above, this court recognized the constitutionality of acts similar to chapter 324, except in the case of Hoblitzel v. Jenkins which construed the act of 1924. There the act was held unconstitutional for the reason that its provisions did not grant a sufficient right of appeal to the courts. In the act under consideration such a right is plainly given by the terms of KRS 324.-210 which provide that the aggrieved party may appeal within ten' days to the circuit court and that in turn an appeal may be taken to this court. It may be well to observe in this connection that in no event is the appellant entitled to injunctive relief when an adequate remedy by appeal exists at law, and appellant fails to take advantage of this course of procedure.

■ D. In the petition this allegation was made: "Plaintiff further states that in her occupation as a real estate broker, she enjoys the highest reputation for honesty, truthfulness, and fair dealing, and that because of her success as such, other brokers in conjunction with defendants, through scheme and design, fraud and collusion between them, caused defendant on its own motion, to institute said proceedings with intent to damage her reputation, earning capacity, and to deprive her of her occupation * * *."

The foregoing allegation in itself is not a sufficient allegation to state a cause of action based upon fraud. We have held in a number of cases that if a petition states sufficient facts, it is not necessary that the acts described by those facts be denominated as fraudulent, and we have held that the bare allegation of fraud, not sustained by facts alleged, is but a conclusion of law and is of no value. The above-quoted allegation from the petition contains only the bald conclusion that some "other brokers," through fraud and collusion, caused the proceeding to be instituted. Chapter 324 gives the right to the Commission to institute such proceedings on its own motion and the bare allegation

that some unnamed person colluded with the Commission to cause the Board to institute the proceeding, in the absence of any specific facts, is not sufficient, and, in this connection, the demurrer to the petition was properly sustained.

■ E. Appellant, finally, argues that the obligation of the many contracts which she entered into during the period she held a license will be impaired, because she will be criminally liable for consummating these contracts which had their inception during that time, but which could not be completed except during the interim between May 1 and November 1, 1952, the period of suspension. It is argued that this action will result in an impairment of the obligation of contracts contrary to the provisions of Section 19 of the Constitution.

Appellant relies upon Lowther v. Peoples Bank, 293 Ky. 425, 169 S.W.2d 35, where plaintiff, who was engaged in the real estate business, produced a purchaser for a valuable piece of property. The deal was not consummated until 1939. In the meantime, by an act which went into effect in 1938, the General Assembly created a Real Estate Commission for licensing brokers. Lowther did not qualify as a licensed real estate broker or salesman. This court held that the act of the Legislature operated prospectively and not retrospectively and hence did not bar the broker's action to recover commission for finding a purchaser for the property while unlicensed before the effective date of the statute.

Section 19 of the Constitution reads: "No ex post facto law, or any law impairing the obligation of contracts, shall be enacted", and is concerned with the enactment of laws by a legislative body which may impair the obligation of a contract. In the Lowther case it was held that the act was not in violation of Section 19 because it operated prospectively. However, we are not deciding whether or not appellant is entitled to commissions on transactions which had their inception during the period in which she was licensed. This question was not raised by the plead-

ings in the case and we are considering this case upon the pleadings alone.

We are of the opinion that the proceedings before the Board were proper and the judgment is therefore affirmed.