## DEPARTMENT OF REVENUE ex rel. ALL-PHIN et al. v. TURNER.

Court of Appeals of Kentucky.
July 2, 1953.

Rehearing Denied Oct. 9, 1953.

J. D. Buckman, Jr., Atty. Gen., James A. Tyler, William E. Scent, Squire N. Williams, Jr., Asst. Attys. Gen., for appellants.

William A. Young, Van Sant & Young, Frankfort, for appellee.

STEWART, Justice.

This suit for a declaration of rights was brought in the Franklin Circuit Court against the Department of Revenue, Robert H. Allphin, Commissioner of Revenue, and Ruby Middleton Ader, Clerk of the Harlan County Court, by Ted R. Turner, who failed on March 5, 1953, in an examination in which he attempted to qualify to run for county tax commissioner in Harlan County. He seeks to have declared unconstitutional KRS 132.380, pursuant to which examinations are given by the department to those who desire to become eligible for election to the above office, and he further seeks to compel Ruby Middleton Ader by injunctive process to cause his name to be placed upon the official ballot for the coming primary election as a candidate for the Republican nomination for that office. The chancellor adjudged the foregoing statute to be unconstitutional and therefore void, but injunctive relief was denied Turner for the reason that he, as stated in the judgment, has an adequate remedy at law under KRS 119.170. The department has appealed and three questions have been raised which must be resolved.

KRS 132.380, as amended on March 30, 1949, at the Special Session of the General Assembly, so far as it is pertinent to this case, reads as follows:

"(1) Before any person's name shall be placed upon any ballot as a candidate for the office of county tax commissioner in any primary, or general election held in 1949 or in any year thereafter, except as a candidate to succeed himself in office, or before he may be appointed county tax commis-sioner, he shall hold a certificate issued by the Department of Revenue in 1949 or thereafter, showing that he has been examined by it and that he is qualified for the office. All certificates issued in 1949 or thereafter shall expire one year from the date of issuance. The examinations shall be both written and oral, and formulated so as to test fairly the ability and fitness of the applicant to serve as county tax commissioner. The Department of Revenue shall hold such examinations in at least one place in each Congressional District within thirty days from the effective date of this Act, in the year 1949, and every four years thereafter during the month of February. If there is only one person qualified to be a candidate in the county, examinations shall be held again prior to the filing date. The Department of Revenue shall advise each county attorney of the time and place of the examination and the county attorney shall post a notice thereof in a conspicuous place in the courthouse two weeks before such examination is given. Any person desiring to take such examination shall appear at the time and place designated.

"(2) Whenever there is a vacancy in the office of county tax commissioner to be filled by appointment or by election, and there is not more than one person holding a valid certificate and eligible for appointment or election, or whenever the county judge requests it, the Department of Revenue may hold a special examination for applicants seeking a certificate for the office. Such special examination shall be held in the same manner as regular examinations.

"(3) Examinations shall be given and graded in accordance with rules of the department published to the applicant at the time of the examination. Within thirty days after the examination, a certificate of fitness and qualification to fill the office of county tax commissioner shall be issued by the Department of Revenue to each person passing the examination."

It is first contended KRS 132.380 is invalid because the Legislature vested arbitrary power in the department in violation of Section 2 of the Constitution of Kentucky when it failed to incorporate in the foregoing statute any standard for grading examination papers. The present Act merely provides that the questions to be propounded to the examinee shall be "formulated so as to test fairly the ability and fitness of the applicant to serve as county tax commissioner." In Burke v. Department of Revenue, 293 Ky. 281, 168 S.W.2d 997, 999, it was argued that the language we have just quoted prescribed no yardstick for determining by examination the qualifications of aspirants to the office of county tax commissioner and, for this cause, the department was vested with arbitrary power in violation of Section 2 of the Constitution of Kentucky. This contention was rejected for the reason, as the opinion states, that the Legislature "had the right to assume that the Commissioner of Revenue would perform his duty and not give a frivolous examination."

Although Turner does not complain about the type of examination to which he was subjected, because he concedes the Burke case decided that the department should have uncontrolled discretion on this point, he does maintain with much vigor that the Act should have provided a standard for grading the examination papers and that, notwithstanding the fact that the department has established 70% as a passing grade, he insists the Act itself should specify the minimum grade in this respect. We think the conclusion this Court reached in the Burke case is determinative of the issue raised here. If we assume that the department is under a duty to give a valid examination, and the Burke case so held, we must by like token assume that the papers of the examinee will be graded fairly by it.

The situation before us is one where only the broadest type of standard may be stated and where the details necessary to implement the plan of examination must be left to expert administrative guidance in order to carry out the legislative directive. The suggestion that the department, created and empowered by the General Assembly to supervise the assessment and taxation of all property in the Commonwealth, might, in disregard of the purpose for which it was created, exercise its delegated powers in a discriminatory manner is, we think, fully answered in the Burke case. Aside from this, however, it is to be presumed that it will exercise the powers bestowed upon it in conformity with the requirements of the Constitution and, if it does act unfairly, the fault lies with the department and not with the statute. Constitutional guaranties against arbitrary and discriminatory actions are read into the law and the courts will compel administrative officials to respect them. See Butterworth v. Boyd, 12 Cal.2d 140, 82 P.2d 434, 126 A.L.R. 838. We are of the opinion that the department has not abused its powers in the instant case.

It is next contended that the stipulation of the Act exempting the incumbent county tax commissioners from the necessity of taking a further examination in order to succeed themselves is discriminatory as to all persons who seek nomination and election to this office and is in contravention of Sections 3 and 59 of the Constitution of Kentucky. Section 3 provides that no grant of exclusive privilege shall be made to any man or set of men, except in consideration of public services, and Section 59 prohibits special or local legislation. The purpose of these provisions is to place all persons similarly situated upon a plane of equality and to render it impossible for any class to obtain preferred treatment. However, it has been uniformly recognized that the foregoing provisions do not forbid a classification based upon reasonable and natural distinctions. See Markendorf v. Friedman, 280 Ky. 484, 133 S.W.2d 516, 127 A.L.R. 416.

In enacting regulatory legislation of the character now under consideration, it has always been the custom of the Legislature to exempt from certain provisions of such statutes those persons already engaged in the particular business or profes-

sion being regulated. Thus in such regulatory acts as those concerning doctors, lawyers, plumbers, barbers, beauticians, and others that could be mentioned, "grandfather" clauses have always been inserted which exempted from examination as a condition to being licensed in the particular profession or business involved those who are already engaged in a bona fide manner in the profession or business. Dollar v. Reid, 308 Ky. 348, 214 S.W.2d 584. In the case at bar we conclude that the classification is germane to the purpose of the law and therefore is not violative of the two foregoing sections of our Constitution.

Finally it is contended the rules formulated by the department for the giving of the examination and the grading of the papers thereof in this instance were required to be filed with the Statute Revision Commission for a period of thirty days before the same shall become effective. It is admitted the department failed to comply with this provision, and Turner argues this rendered the examination void. See Chapter 63 of the Legislative Acts of Kentucky, Kentucky Statute Revision Commission Publication, page 98.

KRS 132.380(3) provides in part: "Examinations shall be given and graded in accordance with rules of the department published to the applicant at the time of the examination."

Section 1, subsection 2 of Chapter 63 states thus:

"'Regulation' includes every rule or regulation made by any state agency, except a rule, regulation or order which:

\*     \*     \*     \*     \*     \*

"(c) Is duly served by the state agency in the manner authorized by law upon the person or persons designated therein as the party or parties legally affected".

It is uncontradicted that the rules of the department were made known to Turner in compliance with KRS 132.380 (3). It follows that exemption (c) above set forth applies to the situation before us and that the department was not required to file its rules with reference to the examination with the Statute Revision Commission.

Wherefore, the judgment is reversed with directions that the chancellor enter an order dismissing Turner's petition.