## SIMS et al. v. REEVES.

Court of Appeals of Kentucky.

Oct. 30, 1953.

Troy D. Savage, Taylor G. Smith, Lexington, for appellants.

Hazelrigg & Cox, Frankfort, Bemis Lawrence, Louisville, J. D. Buckman, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

In a declaratory judgment proceeding, several persons engaged in the real estate business in the City of Lexington attacked the constitutionality of Chapter 324 of the Kentucky Revised Statutes, including an amendment added by Chapter 4 of the Acts of 1952, which provides for the licensing and regulation of real estate brokers and salesmen. The circuit court upheld the statute, and the plaintiffs have appealed, maintaining that the statute is unconstitutional in several respects.

It is conceded that the statute is not a revenue measure, but a police measure. The appellants' first contention is that the nature of the occupation of real estate broker or agent is not such as to justify invoking the police power. However, a similar contention was rejected in Shelton v. McCarroll, 308 Ky. 288, 214 S.W. 2d 396, which upheld KRS Chapter 324 as a valid exercise of the public power. And in Miller v. Kentucky State Real Estate Commission, Ky.1952, 251 S.W.2d 845, the Court indicated its belief in the soundness of the reasoning relied upon in the Shelton case. We continue to adhere to the view expressed in the Shelton and Miller cases. It may be stated that the overwhelming weight of authority upholds the licensing and regulation of real estate brokers under the police power. See State v. Polakow's Realty Experts, 243 Ala. 441, 10 So.2d 461, and cases cited therein.

■ The statute in question requires the licensing of real estate brokers and salesmen only in cities of the first three classes and within five miles of their boundaries. It is contended that there is no reasonable basis for such a classification, and therefore the statute is special legislation in violation of Section 59 of the Kentucky Constitution.

■ It is well settled that a classification according to population and its density, or according to the division of cities into classes, will be sustained if the classification has a reasonable relation to the purpose of the Act. Mannini v. McFarland, 294 Ky. 837, 172 S.W.2d 631. As stated by Chief Justice Sims in Shelton v. McCarroll, 308 Ky. 288, 214 S.W.2d 396, 398, the major purpose of this Act is "to keep within the bounds of good business ethics those engaged in the real estate business, and to protect the public from unscrupulous real estate brokers and agents." Another purpose made clear by the 1952 amendment, Chapter 4, Acts of 1952, is to. guard the public against incompetence, which was recognized as one of the purposes of the New York statute by Mr. Justice Cardozo's opinion in Roman v. Lobe, 243 N.Y. 51, 152 N. E. 461, 50 A.L.R. 1329.

It will easily be recognized that in a community having a large concentration of population, with the resulting lack of acquaintanceship among its citizens, the opportunities for an unscrupulous real estate broker to prey upon the public are much greater than in the smaller communities where each man knows his neighbors. Also, the volume of real estate business in the larger cities and their suburban areas is such that the danger of damage and loss resulting from incompetency is far greater than in the smaller cities and in rural areas.

Our decisions have recognized that the degree of seriousness of the problem sought to be remedied by the law under attack may be taken into consideration in determining whether a classification is reasonable. See Somsen v. Sanitation District No. 1, 303 Ky. 284, 197 S.W.2d 410. It is our opinion that the classification in the Act now before us has a reasonable relation to the purpose sought to be accomplished.

It is next argued that the Act makes an unconstitutional delegation of legislative power to the State Real Estate Commission, in that the Act authorizes the commission to pass upon the qualifications of applicants for licenses without there being any standard set up by the legislature to guide the commission in exercising this function. The statute provides that licenses shall be granted only to persons "who are trustworthy and competent to transact the business of a real estate broker or salesman in such manner as to safeguard the interests of the public". It further provides that the commission shall give a written examination to each applicant which shall be "of scope and wording sufficient in the judgment of the commission to establish the competency and trustworthiness of the applicant to act as a real estate broker or salesman in such manner as to protect the interests of the public." KRS 324.045.

■ We have no difficulty in conceding that the standards of trustworthiness and competency, set up by the legislature, are adequate standards. The commission is merely given the power to prescribe the details of an examination by which the two qualifications prescribed by the legislature may be tested. Similar standards, of "fitness" and "ability," were found adequate in Burke v. Department of Revenue, 293 Ky. 281, 168 S.W.2d 997, and in Department of Revenue ex rel. Allphin v. Turner, Ky., 260 S.W.2d 658, petition for rehearing overruled October 9, 1953.

■ It is contended that KRS 324.060 is unconstitutional in requiring that each licensee furnish a fidelity bond with corporate surety. The argument is that there is no reasonable basis for requiring a corporate surety and not permitting individual sureties. We think there is a reasonable basis for the requirement. A bond with corporate surety is in the nature of an insurance contract, and the liability of the compensated surety on such a bond is controlled by some different considerations than in the case of a gratuitous or volun-

tary individual surety. Young Men's Christian Association's Assignee v. Indemnity Ins. Co., 244 Ky. 473, 51 S.W.2d 463; 44 C.J.S., Insurance, § 13, page 477. We think the legislature was justified in requiring the kind of surety that would furnish the greatest protection to the public.

■ Finally, attack is made upon KRS 324.115, which requires that each broker maintain a regular office with a sign near the door stating his name and the fact that he is a real estate broker. This is claimed to be unreasonable. Since the purpose of the statute is to protect the public from the irresponsible, unscrupulous, fly-by-night type of broker, we think the requirement as to office and sign is perfectly reasonable. It is a useful and not unduly burdensome feature of the plan designed by the legislature to protect the public from a recognized evil.

The judgment is affirmed.

COMBS, J., not sitting.