Charles R. EDMONDS, Plaintiff,

v.

The FEHLER & FEINAUER CON-
STRUCTION COMPANY, Inc., a Ken-
tucky corporation, Defendant.

No. 750.

United States District Court
E. D. Kentucky,
Covington Division.

Feb. 21, 1957.

Charles E. Lester, Jr., Newport, Ky., for plaintiff.

W. R. Seidenfaden, Newport, Ky., for defendant.

SWINFORD, District Judge.

This is an action on a contract. The plaintiff alleges that in June 1955 he and the defendant entered into a contract by the terms of which the plaintiff was employed to act as sales manager and to seek out, interview and develop prospective purchasers for housing improvements in a residential housing project owned by the defendant and known as Vista View Subdivision in the City of Fort Thomas, Kentucky; that as a part of his duties the plaintiff was to act as agent for the defendant and on behalf of the prospective purchasers to arrange financing of property purchased by them, display model housing plans, secure contracts of purchase, and to do anything and all things necessary to contract for the defendant and on its behalf for the sale of and the disposition of housing units which it owned and which it erected in the subdivision. Compensation for these services to the plaintiff was to be a sum equal to 2½ per cent of the sale price on all housing units sold in the subdivision, the commission to be paid at the time of sale of each unit. By the terms of the contract it was agreed that the arrangement should be in effect and full force for a period of five years from its date unless earlier terminated by mutual consent. The plaintiff alleges that the contract was terminated by the defendant through no fault of his and to his damage, both current and prospective. The plaintiff alleges that the defendant is indebted to him for work done under the terms of the contract and has commissions for sales made during the time of his active employment and before his discharge in the sum of $74,176.25.

▪ The court takes cognizance of the fact that the City of Newport, Kentucky, is a city of the second class and within five miles of the property involved.

It is the contention of the defendant in support of its motion to dismiss that the complaint must conform to the provisions of KRS 324.320 and that in order for the plaintiff to sustain his claim it is necessary as a jurisdictional fact that he should allege that he was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose.

The plaintiff acknowledges the provision of this section of the Kentucky statutes but contends that it does not apply to him as he was a regular employee of the defendant and is excepted from the provisions of this statute in its requirement that he have a real estate broker's or salesman's license by the provisions of KRS 324.030(1).

In the interest of clarity and since this must be ruled upon in the light of the statutes and their construction, I think it appropriate that the statutes involved should be recited in full:

"324.020 Acting as broker or salesman in or near city of first, second or third class without license prohibited.

"On and after [the effective date of this Act] June 1, 1942 it shall be unlawful for any person, copartnership, association or corporation to act as a real estate broker or real estate salesman or to advertise or assume to act as such real estate broker or real estate salesman, in any city of the first, second or third class, or within five miles from the corporate limits thereof, without a license issued by the Kentucky State Real Estate Commission."

"324.010 Definitions and application.

\* \* \* \* \* \*

"(b) 'Broker' means any person who for compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who leases or offers to lease, or rents or offers for rent, any real estate or the improvements thereon for others, as a whole or partial vocation."

"324.320 Broker, salesman not to sue for compensation without allegation and proof of being licensed.

"No person, copartnership, or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman in a city of the first, second or third class or within five miles of the corporate limits thereof in this State shall bring or maintain any action in the Courts of this State for the collection of compensation for any services performed as a real estate broker or salesman without alleging and proving that such person, copartnership, or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose."

The matter of regulating and controlling real estate brokers and salesmen in an effort to protect the public from exploitation has evidently been of concern to the legislatures of the various states. Research reveals that many, if not all, states have legislation on this subject. This effort to dignify the vocation is prompted undoubtedly by circumstances which have pointed out the need for such regulation and the interest of the public is definitely on the side of reasonable control. To permit any one to engage in the selling of real estate or other brokerage business without lawful qualifications would demoralize the business to the detriment of the public and give rise to unscrupulous practices with consequent increased litigation.

■ The legislature of Kentucky has seen fit throughout the years to enact several statutes on this subject. It is the end and purpose of these statutes to clarify the method by which individuals and firms can engage in brokerage businesses. These statutes have been tested in the courts and have been declared constitutional where their constitutionality has been under attack. Shelton v. McCarroll, 308 Ky. 288, 214 S.W.2d 396.

■ It is a lawful exercise of the police power of the state in the interest of the health, morals, safety and welfare of the public and is not unduly oppressive upon the citizens. In other words, it meets the test of a reasonable regulation of the police power as laid down in the case of Goodpaster v. Kenton & Campbell Benev. Bur. Ass'n, 279 Ky. 92, 129 S.W.2d 1033; Ware v. Ammon, 212 Ky. 152, 278 S.W. 593.

The case of Board of Education of Ferguson Independent Graded School Dist. v. Elliott, 276 Ky. 790, 125 S.W.2d 733, dealt with the validity of an act under the police power requiring the licensing of architects. The court sustained the validity of the act as being a valid exercise of the police power. In City of Louisville v. Kuhn, 284 Ky. 684, 145 S.W.2d 851, it was said that reasonable regulations may be applied to both businesses and professions.

As indicative of the respect which the Kentucky courts have for the statutes in question I quote from the opinion of Judge Sims in Shelton v. McCarroll, supra [308 Ky. 288, 214 S.W.2d 398]:

"There is much buying and selling of property through real estate brokers and agents and it certainly concerns public morals and welfare to have such brokers and agents identified and regulated by the State and required to execute a bond that they will conform to sound business practices, the violation of which will cause a revocation of their license..

The terms of the Act cannot be said to be unduly oppressive upon those engaged as real estate brokers and are reasonably necessary to accomplish the purposes of the Act."

Emphasis on the protection of the public is the ground for holding this act constitutional and the whole reason for its being. There is nothing ambiguous or obscure about the language of KRS 324.320. If it is to fulfill the purpose for which it was enacted and the interpretation which the courts have given it, it should certainly be respected in the circumstances presented by the case at bar. I repeat, protection of the public is the high purpose of this police regulation. Restraint upon and qualifications for those selling real estate to the public is the crux of its aims and usefulness. For courts to whittle away by exception after exception constitutional legislation enacted by the people's chosen representatives is out of character for the judicial branch of our government. Enactments of the Kentucky General Assembly should be respected and upheld in the letter and spirit if they meet the test of constitutionality.

An exception was made in the case of West v. Kirtley, 201 Ky. 335, 256 S.W. 724, based solely upon the ground that it was a single transaction and the circumstances and facts of the case justified taking it from without the provisions of the statute. That case was affirmed and it was again stated that since the transaction in question was a single and isolated one the brokerage license was not required. Miller & Damron v. Batten, 1933, 247 Ky. 339, 57 S.W.2d 33.

It now appears that in 1942 Sec. 324.-010 was reenacted and contains the following provision:

"(2) One act for a compensation or valuable consideration of buying or selling real estate of or for another, or offering for another to buy, sell or exchange real estate, or leasing, renting or offering to rent real estate, shall constitute the person performing, offering or attempting to perform such act a broker or a salesman."

In 1952, in the case of Miller v. Kentucky State Real Estate Commission, 251 S.W.2d 845, the Court of Appeals of Kentucky sustained the constitutionality of this act and in the opinion recited that the court is inclined to the acceptance of the principle that the duties of a real estate agent for the most part involve *relationships which are fiduciary in character.*

If the statutory requirements do not apply in the case at bar it would seem that their whole moral purpose would be destroyed. The contract between the plaintiff and defendant, as alleged in the complaint and filed as an exhibit, was to employ the plaintiff for a period of five years to sell, contract with, arrange terms of financing, and all other matters incident to the transfer of real estate in a large subdivision within five miles of the City of Newport, Kentucky. It may be assumed that such a contract would necessitate the agent dealing with dozens if not hundreds of people and to act in something of an advisory and fiduciary relation. The plaintiff was to have a full time employment in a business which was equal to and in many instances surpassing the business of the licensed real estate brokerage firms and corporations. He was to arrange loans and participate in financial transactions running into the hundreds of thousands of dollars. It is difficult to conceive of a more appropriate instance for application of the restrictive requirements of the statute. The opportunities for such agent to be unscrupulous and deal shabbily with the public could seldom be afforded in a larger extent to so-called professional real estate brokers in a lifetime of business. It is not implied that the plaintiff would act other than honorably in the discharge of his duties, but this law, like all laws of such regulatory nature, is made for every one who participates in order that it might protect the ninety or more per cent who

are reputable against the ten or less per cent who are not reputable.

It is the contention of the plaintiff that since he was a regular employee of the defendant, the provisions of KRS 324.020 and 324.320 do not apply; that KRS 324.030 expressly excepts an owner of real estate acting in his own behalf and his regular employees acting for him. That section of the statute provides as follows:

"324.030 Exceptions to KRS 324.-020.

"KRS 324.020 shall not apply to:

"(1) Any person who as owner or lessor performs any of the acts defined in KRS 324.010 with reference to property owned or leased by him or to his regular employes, with respect to the property so owned or leased, where such acts are performed in the regular course of, or as an incident to the management of such property and the investment in it."

It is reasoned by the plaintiff that the corporation was in fact selling its own property; that since a corporation can act only through its agents, the plaintiff, as a regular employee, was the corporation and owner within the meaning of this statutory exception and consequently was not a broker or salesman.

■ As disclosed by the record, it is obvious that the plaintiff was not a *regular* employee within the meaning of the statute but rather a special employee retained for the sole purpose of disposing of the defendant's real estate holdings. To follow the reasoning of the plaintiff would be to enable any one to defeat the whole purpose of the statute.

■ Undoubtedly a corporation could, by passing a resolution or a motion by its governing body, sell its own real estate without complying with KRS 324.020. But where that corporation employs an agent it would be subject to the same interpretation of the law as an individual

who employed an agent to make such sale. There is nothing in the record to indicate that the plaintiff was an officer, stockholder or director of the defendant company at the time he assumed the duties of selling this real estate. Even though he had been I do not think he would have been exempt from the requirements of the statute. A director of a corporation clothed with authority to contract for the sale of property of the corporation is not immune from the statute since neither his office nor his contract converts him into the owner of the property. Phelan v. Hilda Gravel Mining Co., 203 Cal. 264, 263 P. 520, 56 A.L.R. 476.

The plaintiff cites and relies upon the case of Strumpf v. State, 31 Ala.App. 409, 18 So.2d 104. This case is from Alabama, decided in 1944, and holds that a regular employee of a corporation who was engaged in selling real estate belonging to the corporation was not a "real estate broker" within the meaning of a statute, Code Ala.1940, Tit. 46, § 299, similar to our Kentucky statute. That case may be distinguished from the case at bar by pointing out the fact that it was a criminal case wherein the defendant was indicted for violation of the statute and assessed a fine. In other words, that was a criminal prosecution while the instant case is a civil action for the recovery of commissions. It may be said that this is a distinction without a difference insofar as the principle involved is concerned and that may be true. However, a criminal case may justify an interpretation not always adaptable to a civil case. Notwithstanding that I must disagree with the Strumpf case as an authority here.

■ The provisions of KRS 324.320 are binding and applicable. The requirement that the plaintiff shall allege that he was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose is a jurisdictional fact which must appear on the face of the complaint. Since it is not alleged and there is no offer to amend and

it is evident from the record and briefs that the plaintiff had no such license, the motion to dismiss should be sustained. An order to that effect is this day entered.