Charles E. LEDFORD, Movant,

v.

**Paul D. FAULKNER, Respondent.**

Supreme Court of Kentucky.

Dec. 22, 1983.

W. Earl Dean, Dean, Dean & Dean, Harrodsburg, for movant; John S. Palmore, Frankfort, of counsel.

A. Dale Bryant, Jackson, for respondent.

WINTERSHEIMER, Justice.

This appeal is from a summary judgment dismissing the complaint of Ledford against Faulkner in which he demanded specific performance of a written agreement between the two or the recovery of $707,000 in damages.

The issue is whether KRS Chapter 324, the Real Estate Brokers' Statute, applied to this transaction and rendered the contract unenforceable for the reason that Ledford did not have a real estate broker's license.

Ledford and Faulkner were acquaintances for many years before the events leading to this suit, both being involved in the buying and selling of oil and gas properties for their own benefit. Faulkner was also in the drilling business and had drilled water wells on Ledford's property. Prior to this, Ledford had sold a block of his leases to Sun Oil Company on terms he believed were favorable. While Faulkner was drilling on Ledford's property they began discussing the possibility of a similar sale of Faulkner's leases in Powell and Wolfe counties to Sun Oil.

On September 1, 1981, they signed a written memorandum of their intent to pursue such a sale to Sun. Pursuant to its terms, Ledford was to receive half of any royalties on Faulkner's property paid by Sun and "other reversionary interest" in return for his procurement of the deal for Faulkner. Faulkner was to receive all cash from the sale and the other half of the royalties and reversionary interest. The agreement was to be valid for 30 days. By September 15, 1981, Ledford had tentatively made a deal with Sun regarding the Faulkner leases. Faulkner then refused to complete the deal and Ledford sued for specific performance or damages in the alternative.

The circuit court found that Ledford was acting as an unlicensed real estate broker in violation of Chapter 324 of the Kentucky Revised Statutes and dismissed his complaint. The Court of Appeals affirmed that judgment. This appeal followed.

This Court reverses the decision of the Court of Appeals and the summary judgment of the circuit court because Ledford was not a broker as defined by the statute. The act complained of was a single transaction and being a broker was not his "whole or partial vocation."

Where there is an apparent conflict between statutes or sections thereof, it is the duty of the court to try to harmonize the interpretation of the law so as to give effect to both sections or statutes if possible. Here it is appropriate because KRS 324.010(2) provides that "one act" shall constitute working as a broker, and KRS 324.-010(1)(a) states that a broker is one who sells or offers for sale property or an interest in property as a "whole or partial vocation." Read together, these sections of the statute mean that "one act" constitutes an offense but only if done by a person engaged in selling property or offering property for sale "as a whole or partial vocation."

Chapter 324 applies only to real estate brokers and salesmen. The trial court did not find that Ledford was a broker. The most the circuit judge determined was that Ledford attempted to act as the broker. The Ledford agreement was to try to sell to Sun Oil only. Normally a broker's commission is to sell to the best buyer or to accept the highest offer of anyone in the public at large, and he is not limited to the sale of the property to a single designated buyer.

 The circuit court was clearly erroneous in treating Ledford as though he were a broker under the statute. The attempt to negotiate a sale for Faulkner was a single transaction. The contemplated sale could not be treated as coming under the prohibition of KRS 324.010(1)(a), by a broker with "a whole or partial vocation." Here the evidence indicates that Ledford was not engaged in the brokerage business and that he had never before acted in a similar transaction for the purchase or sale of property for another. *West v. Kirtley*, 201 Ky. 335, 256 S.W. 724 (1923). Generally, a person who engages in other businesses but who acts as a broker on a single transaction but not in a regular capacity is not required to obtain a broker's license to entitle him to recover any possible commission. *Miller and Damron v. Batten*, 247 Ky. 339, 57 S.W.2d 33 (1933). Here, at most, Ledford was attempting to act as a broker in a single instance. There is no evidence to indicate that Ledford had previously acted in such capacity.

Although the oil and gas business as it is conducted in some parts of Kentucky is unique, those who are involved in this enterprise should be careful not to come within the prohibition of the statute requiring a real estate broker's license. A single or casual sale may be protected under particular circumstances such as arise here. However, as a general rule, the sale of real property or any interest therein by one person for another may come within the definition provided in KRS 324.010.

The occupation of real estate broker affects public welfare and may be regulated by a valid exercise of state police power. A major purpose of the law is to protect the public from unscrupulous brokers and to provide good business ethics. *Shelton v. McCarroll*, 308 Ky. 288, 214 S.W.2d 396 (1948). Another important purpose of the act is to protect the public against incompetence. *Sims v. Reeves*, Ky., 261 S.W.2d 812 (1953). There is no evidence that Ledford held himself out to the public as a real estate broker.

The decision of the Court of Appeals is reversed, and this matter is to be remanded to the circuit court with directions that the complaint be reinstated for further proceedings to establish the validity of the claim.

All concur.