Kermit HUNT and Opal
Hunt, Appellants,

v.

DARK HILL ENTERPRISES, INC.,
James Ball and Larry Hunt,
Appellees.

No. 92–CA–000951–S.

Court of Appeals of Kentucky.

Dec. 22, 1993.

H. Michael Lucas, Lawrence R. Webster Law Offices, Pikeville, for appellants.

Will T. Scott, Scott & Wilson, Pikeville, for appellees Dark Hill Enterprises, Inc., and James Ball.

Before HOWERTON, JOHNSON and MILLER, JJ.

*OPINION*

JOHNSON, Judge:

Kermit and Opal Hunt appeal from an order entered March 31, 1992 in Pike Circuit Court in which the court found that they acted as real estate brokers under KRS 324.-010(1)(a), and that since they did not possess a realtor's license they were precluded from

---

recovering a "finder's fee" under an agreement with Dark Hill Enterprises, Inc. The court then dismissed their action against Dark Hill Enterprises, Inc., Larry Hunt and James Ball. We reverse.

In February 1988 Kermit and Opal Hunt (hereinafter "the Hunts") entered into a written contract (hereinafter "the Agreement") with Dark Hill Enterprises, Inc. (hereinafter "Dark Hill") pursuant to which they were to attempt to acquire coal leases for Dark Hill in exchange for a finder's fee of $0.10 (ten cents) per ton of coal mined and sold under such leases.[1] The Hunts subsequently acquired various coal leases for Dark Hill pursuant to their agreement, and said leases did result in the production and sale of coal by Dark Hill. However, Dark Hill failed to pay the hunts the $0.10 per ton finder's fee set out in the Agreement.

On May 10, 1991, the Hunts filed a complaint in Pike Circuit Court in which they claimed that the appellees "agreed [but failed] to pay ... the sum of 10¢ per ton ... of coal mined and sold from properties found ... by the Plaintiffs...." The complaint did not claim that the Hunts possessed an interest in the land itself, nor did it claim that the defendants improperly interfered with such an interest. The defendants moved for dismissal on the grounds that the Agreement was unenforceable as the Hunts were not licensed brokers, as required under KRS 324.020. The trial court sustained the motion and dismissed the action. This appeal followed.

The only issue in this appeal is whether the appellants fall within the exception to the statutory definition of a broker so as to permit them to recover on their agreement with Dark Hill.

KRS 324.010(1)(a) provides, in part:

"Broker" means any person who for a fee, commission, compensation, or other valuable consideration ... negotiates the pur-

chase, sale, or exchange of real estate, ... leases or offers to lease, ... or refers or offers to refer for the purpose of securing prospects, any real estate or the improvements thereon for others, *but shall not apply to a person whose only compensation for negotiating the purchase, sale, or lease of an interest or interests in mineral rights consists of an interest in the rights that are the subject of the purchase, sale, or lease[.]*[2] (emphasis added)

The Agreement between the Hunts and Dark Hill included the following provision setting the compensation of the Hunts:

3. It is hereby agreed that any Properties found by Kermit and Opal Hunt and presented to Dark Hill Enterprises and are Accepted and Leased, Developed, Mined and Coal Production is realized, Kermit and Opal Hunt will receive a fee of ten cents (.10) per ton for each and every ton of Coal Mined and Sold from these properties found by Kermit and Opal Hunt. The ten cents (.10) per ton will be a finders [sic] fee paid to Kermit and Opal Hunt for their services in acting as Agent for Dark Hills Enterprises, Inc. in locating these properties and persuading land owners to lease same to Dark Hills Enterprises Inc.

The Hunts claim that the Agreement called for them to receive an interest in the minerals equal to ten cents ($0.10) per ton of coal mined and sold under leases of properties found by them. We agree, and hold that the intent of the mineral interest exception in KRS 324.010(1)(a) was to cover this very situation.

We will now discuss the three Kentucky cases focused on by the parties and the trial court: *Ledford v. Faulkner,* Ky., 661 S.W.2d 475 (1983); *Adkins v. Mullins,* Ky.App., 684 S.W.2d 853 (1985); and *Lockridge v. Hale,* Ky.App., 764 S.W.2d 84 (1989).

---

1. A second contract was entered into on October 16, 1989, but no coal leases were acquired under this contract. Consequently, the Hunts are not entitled to any fees under this contract, a point not contested by the appellants. All references to "the Agreement" within this Opinion refer exclusively to the February 1988 document.

2. For the purposes of this Opinion the exception highlighted above will be referred to as the "mineral interest" exception.

*Ledford, supra,* concerned the 1982 version of KRS 324.010(1)(a), which did not include the "mineral interest" exception at issue in this appeal. Ledford had agreed to cooperate with Faulkner to effectuate the sale of certain properties owned by Faulkner to the Sun Oil Company in exchange for a 50% share of any royalties resulting from such properties. In 1982, KRS 324.010(1)(a) provided, in part:

"Broker" means any person who for a fee, commission, compensation or other valuable consideration ... negotiates the purchase or sale or exchange of real estate ... or refers or offers to refer for the purpose of securing prospects, any real estate or the improvements thereon for others, as a whole or partial vocation.

In addition, KRS 324.010(2) provided, in part:

One act for a fee, commission, compensation or other valuable consideration of ... referring or offering to refer real estate for the purpose of securing prospects ... shall constitute the person performing, offering or attempting to perform such act as a broker or sales associate.

The Court concluded that a single instance of attempting to act as a broker did not amount to a "whole or partial vocation", meaning that Ledford was not within the statutory definition of a broker. *Ledford, supra,* at 476. Obviously, this is a somewhat novel interpretation of a clearly worded statute. In a possible reaction to the *Ledford, supra,* decision, the Legislature amended KRS 324.010(1)(a) in 1984 to eliminate the "whole or partial vocation" language. 1984 Ky. Acts Ch. 352 Section 1. In its place, the Legislature added the "mineral interest" exception contained in the present statute. Ap-

pellants are in much the same position as Ledford, and the amended statute leaves no doubt as to the Legislature's intention to provide an exception to cover persons such as the Hunts.

In finding for the coal buyer, the *Adkins* Court relied on *Ledford, supra,* and the fact that the agreement in *Adkins* was in 1982 before the 1984 amendment to KRS 324.-010(1)(a). *Lockridge, supra,* is not really relevant in the determination of the instant case. While *Lockridge* discusses *Ledford* and *Adkins,* this discussion did not concern the mineral interest exception.

Since the Agreement comes within the mineral interest exception of KRS 324.-010(1)(a) the Hunts are legally entitled to recover a finder's fee as provided for in the Agreement. Accordingly, the order of the trial court dismissing their action is reversed, and this matter is remanded for further proceedings consistent with this Opinion.

HOWERTON, J., concurs.

MILLER, J., concurs by separate Opinion.

MILLER, Judge, concurring.

I concur in the result reached by the majority, and make the following observation: This case presents a classic example of an overriding royalty interest in a mineral leasehold for which the exception in KRS 324.-010(1)(a) was principally designed.