COMMONWEALTH of Kentucky,
Appellant,

v.

Montez HALSELL, Appellee.

Arick WILLIAMS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

COMMONWEALTH of Kentucky,
Appellant,

v.

Boris WILLIAMS, Appellee.

Nos. 95–SC–846–TG, 95–SC–951–MR and 95–SC–913–MR.

Supreme Court of Kentucky.

Nov. 21, 1996.

As Amended Nov. 26, 1996.

Frank W. Heft, Jr., Chief Appellate Defender of the Jefferson District Public Defender, J. David Niehaus, Deputy Appellate Defender of the Jefferson District Public Defender, Louisville, for Montez Halsell.

Daniel T. Goyette, Jefferson District Public Defender, J. David Niehaus, Deputy Appellate Defender of the Jefferson District Public Defender, Louisville, for Arick Williams and Boris Williams.

A.B. Chandler, III, Attorney General, Office of the Attorney General, Criminal Appellate Division, Frankfort, Stockard R. Hickey, III, Special Assistant Attorney General, Louisville, for Commonwealth of Kentucky.

CHARLES J. CRONAN, IV, Special Justice.

The 1994 Kentucky General Assembly amended KRS 635.020(4) by adding language to require that a child over the age of 14 charged with a felony involving the use of a firearm "shall be tried in the circuit court as an adult defendant and shall be subject to the same penalties as an adult defendant...." This statutory amendment has led to the two issues raised in these consolidated appeals. First, we must determine whether KRS 635.020(4) is constitutional. The second issue is whether KRS 635.020(4) can be harmonized with KRS 640.010 or whether there is an irreconcilable statutory conflict necessitating the invalidation of the 1994 amendment to KRS 635.020(4).

Montez Halsell was arrested in October 1994 and charged with first-degree assault. The charge arose out of an incident in which he told his companion to shoot a person with whom the two had argued. Halsell's companion fired six shots, one of which struck the victim as he attempted to flee. Because Halsell was seventeen years old on October 20, 1994, he was arraigned in the Juvenile Session of Jefferson District Court. Two months later, appearing with counsel in the Juvenile Session of Jefferson District Court, Halsell stipulated "probable cause to believe he was over 14 years of age at the time the offense was committed and that a gun was used in the commission of a felony (Assault I)." The district judge, without objection, found that Halsell "meets [the] criteria to be heard in circuit court" and transferred the case to circuit court pursuant to KRS 635.020(4).

In December 1994, Halsell was indicted by a Jefferson County Grand Jury for complicity to first-degree assault. Six months later, he filed a "motion to dismiss due to lack of jurisdiction," asking that the case be remanded to the district court for a waiver hearing pursuant to KRS 640.010(2) on the basis that the circuit court had no jurisdiction over him as a "youthful offender" under KRS Chapter 640. Halsell also asked the circuit court to declare KRS 635.020(4) unconstitutional.

By opinion dated September 11, 1995, the circuit court upheld the constitutionality of KRS 635.020(4). However, the circuit court further held that under KRS 640.010 transfer may not occur "unless and until there has been a preliminary transfer hearing" in district court. Finding that no probable cause hearing was held, the circuit court dismissed the indictment against Halsell "[b]ecause this court does not have jurisdiction without a preliminary probable cause hearing...."

The Commonwealth appealed from the trial court's order, and this Court ordered that the case be transferred from the Court of Appeals for consolidation with *Boris Williams v. Commonwealth,* 95–SC–913–MR, and *Arick Williams v. Commonwealth,* 95–SC–951–MR.

Arick Williams, born May 16, 1977, and Boris Williams, born August 8, 1978, were arrested in October 1994 and charged in the previous month's robbery and murder of a taxicab driver. Both were charged in the Juvenile Session of Jefferson District Court with felonies involving the use of a firearm. A direct indictment was returned by the Jefferson County Grand Jury and, following arraignment in Jefferson Circuit Court, the

indictment was dismissed upon the circuit court's finding that district court maintained exclusive jurisdiction until jurisdiction was relinquished pursuant to KRS 640.010.

The Williamses were arraigned in the Juvenile Session of Jefferson District Court where each filed motions to declare KRS 635.020(4) unconstitutional. Following an evidentiary hearing, the Jefferson District Court ruled that the statute was not unconstitutional. The district court, after also addressing additional challenges to KRS 635.020(4), transferred jurisdiction to circuit court.

Allegations against the Williamses were resubmitted to the Grand Jury, which returned indictments charging Arick and Boris Williams with murder and first-degree robbery. Motions similar to those previously made in district court were made in the circuit court and were subsequently denied. Both Arick and Boris Williams entered conditional pleas of guilty, reserving the right to appeal the constitutionality of KRS 635.020(4) and issues regarding the method of transfer to circuit court. Arick Williams was sentenced to 42 years imprisonment for murder/complicity and to a concurrent 20-year sentence for first-degree robbery, for a total of 42 years. Boris Williams was sentenced to imprisonment for life without possibility of parole for 25 years for murder/complicity and to a concurrent 20-year sentence for first-degree robbery. Both appeal as a matter of right.

## CONSTITUTIONALITY
## OF KRS 635.020(4)

Arick and Boris Williams and Montez Halsell argue that KRS 635.020(4) is an unconstitutional attempt to prescribe circuit court jurisdiction in violation of Sections 112(5) and 113(6) of the Kentucky Constitution.

KRS 635.020 as enacted in 1994 provides in relevant part as follows:

(1) If, prior to an adjudicatory hearing, there is a reasonable cause to believe that a child before the court has committed a felony ... the court shall initially proceed in accordance with the provisions of this chapter.

\* \* \* \* \* \*

(4) Any other provision of KRS Chapters 610 to 645 to the contrary notwithstanding, if a child charged with a felony in which a firearm was used in the commission of the offense had attained the age of fourteen (14) years at the time of the commission of the alleged offense, he shall be tried in the Circuit Court as an adult offender and shall be subject to the same penalties as an adult offender. . . .

Section 113(6) of the Kentucky Constitution states that district courts are courts of limited jurisdiction which exercise original jurisdiction only as may be provided by the General Assembly. Section 112(5) of the Kentucky Constitution provides: "The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court. It shall have such appellate jurisdiction as may be provided by law."

Halsell and the Williams argue that the words of KRS 635.020(4), "shall be tried in the circuit court as an adult offender," are an unconstitutional attempt by the General Assembly to confer jurisdiction in the circuit court in violation of Section 112(5). According to the youths, Section 112(5) allows the General Assembly to establish the original jurisdiction of the circuit court only by removing or vesting jurisdiction in the district court, thereby leaving to the circuit court whatever original jurisdiction is not assigned by statute to the district court. They contend that the General Assembly may not directly give jurisdiction over juveniles' firearm felonies to the circuit court by way of KRS 635.020(4), but must do so indirectly by amending KRS 610.010(1)(a) to except these felonies from the jurisdiction of the district court.

A well-established principle of constitutional law is that a statute carries a presumption of constitutionality. When considering the constitutionality of a statute, we are "obligated to give it, if possible, an interpretation which upholds its constitutional validity." *American Trucking Ass'n v. Com., Transp. Cab.*, Ky., 676 S.W.2d 785, 789

(1984). If there are two ways to reasonably construe a statute, one upholding the validity and the other rendering it unconstitutional, we "must adopt the construction which sustains the constitutionality of the statute." *Id.* at 790.

■ We find that the words of KRS 635.020(4) are more reasonably construed as a limitation by the General Assembly of the district court's jurisdiction over the accused as a youthful offender once the district court has determined there is reasonable cause to believe the accused is a child over the age of 14 and is charged with a felony involving the use of a firearm. KRS 610.010(1) provides that "unless otherwise exempted," the Juvenile Session of district court shall have exclusive jurisdiction of cases involving public offenses by those under the age of eighteen. KRS 635.020(4) "otherwise exempts" minors accused of felonies involving firearms. Clearly, it is within the prerogative of the General Assembly to place such limitations on the jurisdiction of district court under Section 113(6). Subsection (4) of KRS 635.020 simply recites the legal result of jurisdiction vesting in the circuit court under Kentucky Constitution Section 112(5) once the legislature has limited the district court's ability to try that category of offense.

Having reviewed KRS 635.020 in its entirety, we find that subsection (4) is within the Kentucky General Assembly's constitutional power to limit the jurisdiction of the district court under Kentucky Constitution Section 113(6). Following a determination of reasonable cause to believe a child over the age of 14 has been charged with a felony in which a firearm was used in the commission of the offense, KRS 635.020(4) operates to limit the jurisdiction of the district court to act further. By operation of Section 112(5) of the Kentucky Constitution, the circuit court then becomes vested with jurisdiction as to that particular class of offenders.

### STATUTORY CONFLICT

In the alternative, Montez Halsell and Arick and Boris Williams argue that the requirements of KRS 635.020(4) are irreconcilable with KRS 640.010(2). Noting the language of KRS 640.010(1) which refers, *inter alia*, to youthful offenders charged with firearms felonies within the purview of KRS 635.020(4), they contend that KRS 640.010 requires the district court to conduct a preliminary hearing at which the court is first required by subsection (2)(a) to make a determination of probable cause and is then required by subsection (2)(b) to consider seven factors before deciding whether the firearm felony should be transferred for trial in circuit court. According to the youths, this procedure cannot be reconciled with the mandatory language of KRS 635.020(4). We disagree.

■ This court is bound by the well-established rule that, "Where there is an apparent conflict between statutes or sections thereof, it is the duty of the court to try to harmonize the interpretation of the law so as to give effect to both sections or statutes if possible." *Ledford v. Faulkner,* Ky., 661 S.W.2d 475, 476 (1983).

■ Accepting the youth's point that KRS 640.010(1) makes reference to children alleged to be youthful offenders by falling within the purview of KRS 635.020(4), that section requires nothing more than that the offenders be advised and afforded certain rights specified in KRS 610.060 at an arraignment in district court. Beyond that, any requirement in subsection (2) for a preliminary hearing and consideration of the seven factors listed in subsection (2)(b) clearly is triggered only by a motion of the county attorney to proceed under Chapter 640. No such motion was made in any of the cases under review.

Considering KRS 635.020 as a whole, we note that subsection (1) directs the district court initially to proceed under the provisions of Chapter 635 if, prior to an adjudicatory hearing, there is a reasonable cause to believe a child has committed a firearm felony of the type described in subsection (4) of that chapter. Subsection (4) itself, is prefaced by the words, *"Any other provision of KRS Chapter 610 to 645 to the contrary notwithstanding,* if a child charged with a felony in which a firearm was used in the commission of the offense had attained the age of fourteen (14) years at the time of the commission

of the alleged offense, he shall be tried in the circuit court as an adult offender . . . ." [emphasis added]. Thus, KRS 635.020(4) makes it clear that the provisions of KRS 640.010(2) are not applicable if the district court has found there is reasonable cause to believe that the elements of KRS 635.020(4) have been established.

For the reasons discussed above, we find that the provisions of KRS 640.010(2) can be harmonized with KRS 635.020(4). Whether it is determined at a preliminary hearing described in KRS 640.010(2) or prior to an adjudicatory hearing as described in KRS 635.020(1), once the district court has reasonable cause to believe that a child before the court has committed a firearm felony as described in subsection (4) of KRS 635.020, jurisdiction vests in the circuit court, the provisions of KRS 640.010(2)(b) and (c) to the contrary notwithstanding.

Based on our findings that KRS 635.020(4) does not violate Sections 112 and 113 of the Kentucky Constitution and that the provisions of KRS 635.020(4) can be harmonized with the provisions of KRS 640.010, we find the remaining constitutional challenges, and in particular those under sections 27 and 28, to be without merit.

Montez Halsell stipulated probable cause to believe he was over 14 years of age at the time of the offense and that a gun was used in the commission of a felony. On that basis the district court found that the criteria for Halsell's case to be heard in circuit court had been met. Thus, the statutory requirements for transfer were fulfilled and jurisdiction vested in the circuit court. Accordingly, the September 12, 1995, opinion dismissing the indictment of Montez Halsell is reversed and the indictment is reinstated.

The judgments against Arick Williams and Boris Williams are hereby affirmed.

STEPHENS, C.J., and BAKER, GRAVES, LAMBERT and WINTERSHEIMER, JJ., concur.

STUMBO, J., concurs in result only by separate opinion.

KING, J., not sitting.

STUMBO, Justice, concurring in result only.

I concur in the result reached by the majority, not because I believe the issue has been resolved correctly, but because to do otherwise would violate the need for judicial economy and be an exercise in futility. I believe that Judge McAnulty was absolutely correct in his holding that the 1994 version of KRS 635.020(4) at issue here cannot be harmonized with KRS 640.010 and is, thus, invalid. That being said, the legislature has amended that subsection of KRS 635 to read as follows:

> Any other provision of KRS Chapters 610 to 645 to the contrary notwithstanding, if a child charged with a felony in which a firearm was used in the commission of the offense had attained the age of fourteen (14) years at the time of the commission of the alleged offense, he shall be transferred to the Circuit Court for trial as an adult if, following a preliminary hearing, the District Court finds probable cause to believe that the child committed a felony, that a firearm was used in the commission of that felony, and that the child was fourteen (14) years of age or older at the time of the commission of the alleged felony.

KRS 635.020(4).

This amendment takes effect on July 15, 1997, and appears to take care of the issue discussed in this opinion. I express no opinion as to any other issue that may be raised as to the new statute.