Tamara P. DUNAWAY, Estill County Property Valuation Administrator; and Estill County Board of Assessment Appeals, Appellants,

v.

DLX, INC., Appellee.

No. 2000–CA–002519–MR.

Court of Appeals of Kentucky.

March 1, 2002.

Rehearing Denied April 26, 2002.

Discretionary Review Denied by Supreme Court Nov. 13, 2002.

Douglas M. Dowell, Frankfort, KY, for Appellants.

D. Duane Cook, Stamping Ground, KY, for Appellee.

Before COMBS, JOHNSON And SCHRODER, Judges.

*OPINION*

JOHNSON, Judge.

The property valuation administrator (PVA) of Estill County, Tamara P. Dunaway, and the Estill County Board of Assessment Appeals (BAA) have appealed from an order of the Estill Circuit Court entered on October 20, 2000. In that order, the Estill Circuit Court affirmed a decision of the Kentucky Board of Tax Appeals, which reduced the PVA's assessment of certain real property owned by appellee, DLX, Inc. Having concluded that KRS[1] 133.120 did not require DLX to present factual information in support of its assessment to the Estill County PVA, we affirm.

The subject matter of this appeal is a parcel of land known as Calloway Crossings, located in Irvine, Estill County, Kentucky. Calloway Crossings consists of land, a coal preparation plant, an airplane hangar, and various buildings and improvements. On March 15, 1993, pursuant to an order of the United States Bankruptcy Court for the Eastern District of Kentucky, DLX acquired the Calloway Crossings property from South–East Coal Company for the sum of $500,000.00.

For several years prior to the 1993 bankruptcy sale, the Estill County PVA valued the Calloway Crossings property, for tax purposes, at $3,011,444.00. For the 1994 tax year, following a partial transfer of Calloway Crossings to Estill County and the Estill County Industrial Development Authority, the PVA reduced the property's tax value to $2,937,145.00. However, this figure was contested by DLX, which contended that Calloway Crossings should only be assessed at a value of $500,000.00, the price paid by DLX in the bankruptcy proceeding.

Pursuant to procedures set forth in KRS 133.120(1), the PVA held two separate conferences with DLX representatives in an attempt to reconcile their conflicting assessments. Both during the conferences and in two subsequent letters, the PVA requested that DLX furnish documentation concerning the value of Calloway Crossings. In boldface, the PVA's letters stated: "State law mandates the denial of your appeal if you fail to provide the information requested." Despite this admonishment, DLX failed to provide any documentation or proof to support its assessment other than a portion of the deed, which listed the bankruptcy sale price of $500,000.00. Based on DLX's failure to provide supporting information, the PVA refused to adjust the initial assessment.

DLX appealed the PVA's assessment to the Estill County Board of Assessment

---

1. Kentucky Revised Statutes.

Appeals. From the record, it is unclear whether DLX attempted to present any additional written evidence in support of its assessment to the BAA.[2] Nevertheless, the BAA denied DLX's appeal on the grounds that under KRS 133.120(3) it had failed to provide written documentation to the PVA in support of its own assessment of $500,000.00. DLX appealed to the Kentucky Board of Tax Appeals (Board).

The PVA and the BAA filed a joint motion to dismiss DLX's appeal. The motion argued that since DLX had failed to provide requested information pertaining to the value of the property to the PVA that its appeal to the Board was precluded by KRS 133.120(3). The Board denied the motion to dismiss and proceeded to an evidentiary hearing. After reviewing evidence pertaining to earlier valuations, subsequent fair-market transfers, and insurance premiums, the Board rendered a decision in favor of DLX, reducing the assessment to $1,935,000.00 for tax purposes. Both sides appealed to the Estill Circuit Court and their appeals were consolidated.

On October 20, 2000, the Estill Circuit Court entered an order affirming the Board's denial of the PVA's and the BAA's motion to dismiss. In the same order, the Estill Circuit Court affirmed the Board's revised assessment of $1,935,000.00. This appeal followed.

■ The Estill County PVA and the BAA argue that KRS 133.120(3) requires that the Board's assessment reduction be reversed. The appellants point to the plain language of the statute, which states that "[t]he taxpayer shall provide factual evidence to support his appeal. If the taxpayer fails to provide reasonable information pertaining to the value of the property requested by the property valuation administrator, the cabinet, or any member of the board, his appeal shall be denied." Conversely, DLX argues that the statute does not require the presentation of evidence at the PVA conferencing stage of an assessment appeal. DLX states that it complied with KRS 133.120 by presenting factual support at the Board of Tax Appeals hearing when it was requested. Accordingly, the only issue presented for our determination involves the interpretation of KRS 133.120(3). Since an issue of statutory interpretation is purely a matter of law, it is subject to *de novo* review.[3]

KRS 133.120(1) sets forth the first step in the procedure to be followed when appealing an assessment made by the county PVA:

> Any taxpayer desiring to appeal an assessment on real property made by the property valuation administrator shall first request a conference with the property valuation administrator or his designated deputy.... During this conference, the property valuation administrator or his deputy shall provide an explanation to the taxpayer of the constitutional and statutory provisions governing property tax administration, including the appeal process, as well as an explanation of the procedures followed in deriving the assessed value for the taxpayer's property. The property valuation administrator or his deputy shall keep a record of each conference which shall include, but shall not be limited to, the initial assessed value, the value claimed by the taxpayer, an explanation of any changes offered or

---

**2.** DLX states in its brief that it was given no opportunity to present additional evidence to the BAA. In its brief, the Revenue Cabinet neither contests nor affirms this assertion.

**3.** *Revenue Cabinet v. Hubbard,* Ky., 37 S.W.3d 717, 719 (2000).

agreed to by each party, and a brief account of the outcome of the conference. At the request of the taxpayer, the conference may be held by telephone.

After the conference if the taxpayer is still dissatisfied with the PVA's assessment, KRS 133.120(2) sets forth the next step in the appeal process:

Any taxpayer still aggrieved by an assessment on real property made by the property valuation administrator after complying with the provisions of subsection (1) of this section may appeal to the board of assessment appeals. The taxpayer shall appeal his assessment by filing in person or sending a letter or other written petition stating the reasons for appeal, identifying the property for which the appeal is filed, and stating to the county clerk the taxpayer's opinion of the fair cash value of the property. . . .

The next step of the appeals process involves the procedure before the BAA, which is the subject of this appeal. KRS 133.120(3) provides:

The board of assessment appeals shall hold a public hearing for each individual taxpayer appeal in protest of the assessment by the property valuation administrator filed in accordance with the provisions of subsection (2) of this section, and after hearing all the evidence, shall fix the assessment of the property at its fair cash value. The cabinet may be present at the hearing and present any pertinent evidence as it pertains to the appeal. The taxpayer shall provide factual evidence to support his appeal. If the taxpayer fails to provide reasonable information pertaining to the value of the property requested by the property valuation administrator, the cabinet, or any member of the board, his appeal shall be denied. This information shall include, but shall not be limited to, the physical characteristics of land and improvements, insurance policies, cost of construction, real estate sales listings and contracts, income and expense statements for commercial property, and loans or mortgages. The board of assessment appeals shall only hear and consider evidence which has been submitted to it in the presence of both the property valuation administrator or his designated deputy and the taxpayer or his authorized representative.

■ We must analyze the statutory scheme as a whole and determine when a taxpayer who has appealed an assessment must present factual evidence requested by the PVA to the PVA. "The essence of statutory construction is to ascertain and give effect to the intent of the legislature."[4] If possible, we should attempt to do this by looking at the plain language of the statute.[5] However, where there is an apparent conflict within the statute or where sections of a statute are incongruous with one another, it is the duty of the courts to harmonize the conflicting provisions in order to give effect to both.[6] This principle of construction is consistent with the rule that we will not read a statute strictly or literally where to do so would lead to an unreasonable result.[7]

---

**4.** *Hale v. Combs,* Ky., 30 S.W.3d 146, 151 (2000).

**5.** *Commonwealth v. Allen,* Ky., 980 S.W.2d 278, 280 (1998); *Gurnee v. Lexington–Fayette Urban County Government,* Ky.App., 6 S.W.3d 852, 856 (1999).

**6.** *Ledford v. Faulkner,* Ky., 661 S.W.2d 475, 476 (1983).

**7.** *Sisters of Charity Health Systems, Inc. v. Raikes,* Ky., 984 S.W.2d 464, 470 (1998).

■ KRS 133.120 sets forth a clear step-by-step process for appealing assessments of real property. Subsection (1) sets forth the guidelines for PVA conferences; subsection (2) grants the taxpayer the right to appeal the decision of the PVA following the PVA conference to the BAA and it provides the rules for filing the appeal; and subsection (3) provides the details of the process to be followed at the BAA stage of the appeal. Neither subsection (1) nor subsection (2) mentions anything about the duty to provide factual support to the PVA. It is only in subsection (3), when the appeal is before the BAA, that the duty to provide factual information supporting the taxpayer's assessment is mentioned.

The PVA and the BAA would have us to construe KRS 133.120(3) strictly and literally. By isolating the sentence "[i]f the taxpayer fails to provide reasonable information pertaining to the value of the property requested by the property valuation administrator, ... his appeal shall be denied" from the rest of subsection (3), the appellants claim that DLX should be precluded from appealing the PVA's initial assessment. We disagree. We believe such a reading is inconsistent with the meaning and purpose of the overall statutory scheme. We hold that since KRS 133.120(3) relates to the procedures before the BAA, the provisions contained in subsection (3) concerning the taxpayer's obligation to provide reasonable information pertaining to the value of the property only apply to the proceedings occurring in front of the BAA. More specifically, we interpret KRS 133.120(3) to require the appealing taxpayer to provide the PVA, the cabinet, or any member of the BAA any reasonable information pertaining to the value of the property which any of them may request at the BAA stage of the appeal process. This construction is consistent with the language in subsection (3) and it allows for proper development of the evidence at this critical BAA stage which allows for an assessment determination to be made by a duly-appointed, impartial body.[8]

For the foregoing reasons, the order of the Estill Circuit Court affirming the decision of the Board of Tax Appeals is affirmed.[9]

ALL CONCUR.

8. KRS 133.020.

9. Since we are affirming the circuit court's approval of the decision by the Board of Tax

Appeals in favor of DLX, we find it unnecessary to discuss the numerous constitutional arguments raised in DLX's brief.