COMMONWEALTH of Kentucky, Appellant,

v.

Honorable Deborah DEWEESE, Judge, Jefferson District Court, Juvenile Session, Appellee,

and

J.T., A Child, Real Party in Interest.

No. 2002–CA–002425–MR.

Court of Appeals of Kentucky.

Oct. 24, 2003.

Discretionary Review Denied
Sept. 16, 2004.

Albert B. Chandler III, Attorney General, Teresa Young, Special Assistant Attorney General, Frankfort, KY, for appellant.

Daniel T. Goyette, Jefferson District Public Defender, J. David Niehaus, Deputy Appellate Defender, Louisville, KY, for appellee.

Before BAKER and SCHRODER, Judges; and JOSEPH R. HUDDLESTON, Senior Judge.[1]

## OPINION

SCHRODER, Judge.

The Commonwealth appeals from an order of the Jefferson Circuit Court denying a writ of prohibition, wherein the Commonwealth requested that the circuit court prohibit the juvenile court from ordering discovery prior to a transfer hearing held pursuant to Kentucky Revised Statutes (KRS) 635.020(4). We opine that KRS 610.342 is not a rule of discovery, that RCr 3.07 controls, and that the juvenile is not entitled to complete discovery until probable cause is established. Therefore, we reverse.

J.T., a juvenile, was charged with assault in the first degree and two counts of robbery in the first degree. Because the charges involved the use of a firearm, J.T. was subject to transfer to circuit court for trial as an adult pursuant to KRS 635.020(4). Prior to the transfer hearing, J.T. requested discovery pursuant to Kentucky Rules of Criminal Procedure (RCr) 7.24. The juvenile court ordered the Commonwealth to provide discovery. The Commonwealth sought review of the order by filing a petition for writ of prohibition in the circuit court. The circuit court denied the petition, ruling that the Kentucky Rules of Criminal Procedure did not dictate the timing and scope of discovery in a

---

1. Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

juvenile transfer hearing. The court further ruled that discovery was available pursuant to Kentucky Revised Statutes (KRS) 610.342. The court held that, while it believed KRS 610.342 violates the separation of powers doctrine because it affects matters of practice and procedure before the court, it is not an unreasonable encroachment on the judiciary. The circuit court believed the Supreme Court would grant comity to the statute, and therefore denied the petition for the writ of prohibition.

The Commonwealth filed a notice of appeal and a motion for intermediate relief in this Court. The motion for intermediate relief was denied. This Court ruled that the Commonwealth should be able to raise the matter by an appeal under the exceptions to the mootness doctrine. The Commonwealth subsequently complied with the discovery request.

The single issue on appeal is whether a juvenile subject to transfer pursuant to KRS 635.020(4) is entitled to discovery prior to the transfer hearing.

■ Because the Commonwealth has complied with the discovery order, the issue is effectively moot. We may not render advisory opinions concerning moot or hypothetical issues. However, both parties request that we review the case under the "capable of repetition, yet evading review" exception to the mootness doctrine. This exception to the mootness doctrine applies in a situation in which the litigation is likely to be repeated. *Courier–Journal and Louisville Times Co. v. Meigs*, Ky., 646 S.W.2d 724, 725 (1983), *citing Southern Pacific Terminal Co. v. I.C.C.*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). The Kentucky Supreme Court has outlined the following two-part test for determining whether an issue falls within this exception: "[W]hether (1) the 'challenged action is too short in duration to be fully litigated prior to its cessation or expiration and [2] there is a reasonable expectation that the same complaining party would be subject to the same action again.'" *Philpot v. Patton*, Ky., 837 S.W.2d 491, 493 (1992), *citing In re Commerce Oil Co.*, 847 F.2d 291, 293 (6th Cir. 1988).

■ The events giving rise to this appeal are inherently evasive of review. Because of the nature of juvenile proceedings and the necessity of expedient compliance with discovery orders, the challenged action is short in duration. There is also a reasonable expectation that the Commonwealth will continue to be subject to such discovery orders in juvenile transfer hearings pursuant to KRS 635.020(4). Hence, we determine that the issue falls under the exception to the mootness doctrine, and we therefore turn to the merits.

■ The Commonwealth argues that the juvenile court does not have jurisdiction to order discovery before a probable cause hearing is held pursuant to KRS 635.020(4). The basis of this argument is that discovery is available under Chapter VII of the Criminal Rules and that Chapter VII is not triggered until the case is before the "judge having authority to try the offense charged." RCr 3.07. The Commonwealth relies upon the case of *Nelson v. Shake*, Ky., 82 S.W.3d 914 (2002), wherein the Kentucky Supreme Court held that the district court did not have jurisdiction over a matter once a felony indictment had been issued against the defendant. We find this argument persuasive. While a probable cause hearing pursuant to KRS 635.020(4) is not the equivalent of an indictment, if probable cause is found, jurisdiction is automatically vested in the circuit court. In *Commonwealth v. Halsell*, Ky., 934 S.W.2d 552, 555

(1996), the Kentucky Supreme Court held as follows:

> Following a determination of reasonable cause to believe a child over the age of 14 has been charged with a felony in which a firearm was used in the commission of the offense, KRS 635.020(4) operates to limit the jurisdiction of the district court to act further. By operation of Section 112(5) of the Kentucky Constitution, the circuit court then becomes vested with jurisdiction as to that particular class of offenders.

KRS 635.020(4) reads in pertinent part:

> Any other provision of KRS Chapters 610 to 645 to the contrary notwithstanding, if a child charged with a felony in which a firearm, whether functional or not, was used in the commission of the offense had attained the age of fourteen (14) years at the time of the commission of the alleged offense, he shall be transferred to the Circuit Court for trial as an adult if, following a preliminary hearing, the District Court finds probable cause to believe that the child committed a felony, that a firearm was used in the commission of that felony, and that the child was fourteen (14) years of age or older at the time of the commission of the alleged felony.

The juvenile court is granted limited jurisdiction to hold the preliminary hearing. ▉ That being said, we must still determine whether this limited jurisdiction includes jurisdiction to order discovery prior to the transfer hearing. J.T. argues that KRS 610.015(1) evidences an intent by the legislature that the criminal rules should only apply full force after the hearing pursuant to KRS 635.020(4) is conducted and the decision to try the juvenile as an adult is made. KRS 610.015(1) states:

> A child who is charged with an offense which classifies him for trial as an adult in the Circuit Court or the adult session

of the District Court shall, at the time the decision is made by the court to try the child as an adult, be subject to the arrest, post-arrest, and criminal procedures that apply to an adult, except for the place of confinement, as provided in the Kentucky Revised Statutes and the Rules of Criminal Procedure.

This appears to be in conflict with KRS 640.010, which states in pertinent part:

> (2) In the case of a child alleged to be a youthful offender by falling within the purview of KRS 635.020(2), (3), (5), (6), (7), or (8), the District Court shall, upon motion by the county attorney to proceed under this chapter, and after the county attorney has consulted with the Commonwealth's attorney, conduct a preliminary hearing to determine if the child should be transferred to Circuit Court as a youthful offender. *The preliminary hearing shall be conducted in accordance with the Rules of Criminal Procedure.* (emphasis added.)

In order to resolve an apparent conflict between statutes or sections of statutes, we must try to harmonize the law in order to give effect to both sections or statutes if possible. *Halsell,* 934 S.W.2d 552. Read together, we believe the legislature intended that the criminal rules governing preliminary hearings should apply to preliminary transfer hearings in juvenile court. Until the court has determined that transfer is appropriate, the entirety of the criminal rules do not apply. RCr 3.07 is specifically a rule pertaining to preliminary hearings and states in pertinent part:

> When a person is brought or appears before a judge having authority to try the offense charged, the judge shall proceed in accordance with Chapters VI–XIII of these Rules. If the judge does not have authority to try the offense charged but does have venue to hold a preliminary hearing, the judge shall pro-

ceed in accordance with the remainder of Chapter III.

As stated in *Halsell*, the legislature has limited the jurisdiction of the district court in juvenile cases brought pursuant to KRS 635.020(4), to that of holding the preliminary hearing to establish probable cause. *Halsell*, 934 S.W.2d at 555. Therefore, the juvenile court is limited to proceeding in accordance with Chapter III of the criminal rules. Discovery is available under Chapter VII, which is not triggered until probable cause is established.

 The circuit court recognized that, "If RCr 3.07 controls, all discovery must await completion of the transfer hearing at which time the court with proper jurisdiction can enter appropriate discovery orders." Believing that RCr 3.07 did not apply, the circuit court determined that the order to grant discovery was properly made pursuant to KRS 610.342.

KRS 610.342 states as follows:

(1) Any statute to the contrary notwithstanding, an attorney representing a child in any proceeding under KRS Chapters 600 to 645 or in any adult criminal proceeding shall have full access to all records, including juvenile records, held by law enforcement, courts, social work agencies, or any other record, public or private, relating to that child which the attorney believes is necessary to the representation of that child.

(2) All courts shall enforce the provisions of subsection (1) of this section through appropriate orders, upon request of an attorney representing a child in any proceeding specified in subsection (1) of this section.

The circuit court then ruled that KRS 610.342 did not directly contradict a rule of procedure clearly occupying the field, and that while it violated the separation of powers doctrine, it was not an unreasonable encroachment and could be accepted under principles of comity. We find two flaws in this reasoning.

 First, if indeed KRS 610.342 is a rule of discovery, it clearly contradicts RCr 3.07, which we previously held controls the procedure in a juvenile transfer hearing pursuant to KRS 635.020(4). Second, once a lower court has determined that a statute violates the separation of powers doctrine, it must declare it unconstitutional. In *O'Bryan v. Hedgespeth*, Ky., 892 S.W.2d 571, 577 (1995), the Kentucky Supreme Court made clear that lower courts have no power to determine whether a statute is not an unreasonable encroachment. The Court held as follows:

The responsibility of lower courts, including the Court of Appeals, is to follow the law, which includes constitutional separation of powers doctrine, and to correct error accordingly, even if to do so means declaring a legislative enactment unconstitutional.

*Id.* Once the circuit court determined that the statute was unconstitutional, it was required to declare it so.

 However, it is presumed that the legislature, in enacting a statute, has done so in accordance with constitutional requirements. *Cornelison v. Commonwealth*, 52 S.W.3d 570, 572 (2001). There is also a presumption that the Legislature is aware of the Constitution. *Cook v. Ward*, Ky., 381 S.W.2d 168, 170 (1964). Clearly, it would be a violation of separation of powers for the legislature to promulgate rules of practice and procedure for the court. Section 116 of the Kentucky Constitution reserves the power to prescribe rules of practice and procedure for the Court of Justice to the Supreme Court. KY Const § 116. The timing and scope of discovery is purely a procedural matter.

However, we do not believe that KRS 610.342 is a rule of discovery and, therefore, does not violate the separation of powers doctrine. We note that there are

a number of statutes pertaining to juvenile records. These statutes generally make proceedings and records pertaining to juveniles confidential. *See* KRS 610.340 (juvenile court records); KRS 635.120 (making juvenile court records open to the public only after the child has been indicted and arraigned on the offense for trial as an adult); KRS 17.125 (limiting access to a juvenile's public safety and criminal records); KRS 620.050 (reports of suspected child abuse); KRS 635.110 (HIV testing); KRS 630.060 (information supplied to the court designated worker); KRS 164.283 (student academic records); KRS 194B.060 (records and reports of Cabinet for Families and Children); KRS 610.320 (information in court and police records). We also find it worthy of mention that KRS 610.342 immediately follows KRS 610.320 and KRS 610.340, which expressly make certain juvenile court records confidential. Obviously, the legislature recognized the difficulty in obtaining juvenile records for one attempting to represent a juvenile. KRS 610.342 is merely a statute providing a juvenile's attorney access to those records necessary to the representation of that child that would otherwise be confidential.

In summary, we opine that only the Rules of Criminal Procedure applicable to preliminary hearings apply in a juvenile transfer hearing pursuant to KRS 635.020(4). As such RCr 3.07 controls and the juvenile is not entitled to complete discovery until probable cause is established. KRS 610.342 is not a rule of discovery, indeed if it were, we would be constrained to declare it an unconstitutional encroachment on the powers of the judiciary.

ALL CONCUR.