RENDERED: SEPTEMBER 24, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0139-MR

TRESHAWN JONES                                  APPELLANT

                     APPEAL FROM FAYETTE CIRCUIT COURT
v.                    HONORABLE LUCY A. VANMETER, JUDGE
                        ACTION NO. 13-CR-01368-004

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

MAZE, JUDGE: Appellant, Treshawn Jones, appeals the Fayette Circuit Court

order denying his motion for post-conviction relief pursuant to RCr[1] 11.42. For the

following reasons, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## FACTUAL AND PROCEDURAL HISTORY

On December 18, 2013, a Fayette County grand jury returned indictments against Jones and three co-defendants for murder and first-degree robbery. The charges arose from the murder of the victim, Isaias Lopez-Bustamante, when Jones entered the victim's apartment with the intent of taking the victim's money and property. Not long after Jones was arrested, he was interviewed by the police and made an incriminating statement. Beyond Jones' statement to the police, a blood trail led directly from the crime scene to Jones in one of the co-defendant's nearby apartment. Also, Jones' fingerprints were on the murder weapon and the victim's nine-year old daughter witnessed the events unfold.

Because Jones was sixteen years old at the time of the offenses, the case began in juvenile court. Attorneys Erica Roland and Josh Miller, of the Department of Public Advocacy, were appointed to represent Jones. While the case began in juvenile court, the County Attorney filed a motion to proceed against Jones as a youthful offender, pursuant to KRS[2] 635.020(2) and (4), which would transfer the case to circuit court.

---

[2] Kentucky Revised Statutes.

Following the County Attorney's motion, and while still in juvenile court, Jones' counsel requested a competency hearing and a competency evaluation. Because Jones' past medical history included a traumatic brain injury, the juvenile court ordered expert Dr. Timothy H. Houchin to complete a competency evaluation. However, the juvenile court declined to hold a competency hearing. Relying on KRS 635.020(4), *Commonwealth v. Deweese*, 141 S.W.3d 372 (Ky. App. 2003), and *Nelson v. Shake*, 82 S.W.3d 914 (Ky. 2002), the juvenile court held that it would first determine whether to transfer Jones' case to circuit court.

Dr. Houchin determined that Jones was incompetent to stand trial. However, the County Attorney filed a motion to strike Dr. Houchin's report as incomplete and objected to the competency hearing. Following these motions, relying on *Deweese*, *supra*, the juvenile court found that it did not have jurisdiction to hold a competency hearing because the proper forum to hold a competency hearing was within the circuit court.

In response, Jones filed a petition for a writ of mandamus requesting the circuit court to order the juvenile court to hold the competency hearing. The circuit court denied Jones' petition. In its order, the circuit court held that, because the Commonwealth intended to proceed under KRS 635.020(4), the juvenile court had no discretion to retain the case if it determined that probable cause, in the form

-3-

of the juvenile's age and the commission of a felony involving a firearm, existed. The circuit court further held that since the district court found probable cause, it was mandatory that the case be transferred to circuit court.

Jones then moved this Court for discretionary review, arguing the juvenile court had jurisdiction to hold the competency hearing. This Court affirmed the denial of the writ petition. Shortly thereafter, the juvenile court transferred the case to the circuit court for trial of Jones as a youthful offender. Following the transfer, the Commonwealth requested a competency evaluation be performed by Dr. Timothy Allen with the Kentucky Correctional Psychiatric Center (KCPC). In his report, Dr. Allen concluded that Jones was competent.

On February 2, 2015, each of Jones' co-defendants pled guilty and each agreed to testify against Jones in exchange for their pleas. Following these pleas, Jones' counsel recommended that Jones accept the Commonwealth's plea offer. However, Jones' counsel needed Jones to be declared officially competent before he could accept the plea.

A competency hearing was held on February 12, 2015. At the hearing, Dr. Allen testified that Jones was competent despite his impairments in executive functioning due to his brain injury. Dr. Allen further testified that Jones understood the criminal process and the seriousness of the charges and that he could aid in his own defense. Dr. Allen further testified that there was no doubt in

his mind that Jones had good factual knowledge of the case against him, he knew his role in the case, he said his attorneys were doing a good job representing him, and he could discuss the case in a rational manner. Additionally, Dr. Allen testified that Jones had the reasonable ability to understand and process information such that he could appreciate the nature and consequences of the proceeding against him. On cross-examination, Jones' counsel asked only three questions of Dr. Allen:

> (1) "Some of your testing seemed to indicate that [Jones'] executive functioning was degraded. Could you talk a little bit more about how that would manifest itself in his decision making?"

> (2) "All these [executive functioning] tests were in the moment, correct? There was no forensic element to your studies? It was all Mr. Jones as he presented himself to you in his office during his time at KCPC?"

> (3) "We're talking about a crime that happened when Mr. Jones was 16. In your experience, does the executive function between a 16-year-old and a 19-year-old – is one stronger than the other?"

Jones did not call Dr. Houchin or any other witness to testify on his behalf in the competency hearing. The circuit court subsequently declared Jones competent. Later that day, Jones entered a guilty plea to murder and first-degree robbery. On March 26, 2015, the circuit court sentenced Jones to a total of 27 years' imprisonment.

On April 10, 2015, this Court affirmed the circuit court's denial of Jones' writ petition, holding the juvenile court did not have jurisdiction to conduct a competency hearing before conducting a preliminary transfer hearing to determine probable cause. *T.J. v. Bell*, No. 2013-CA-001664-ME, 2015 WL 1640426, at *9 (Ky. App. Apr. 10, 2015). The Kentucky Supreme Court denied discretionary review on August 12, 2015.

On May 10, 2017, Jones filed a *pro se* RCr 11.42 motion, arguing he received ineffective assistance of counsel. Jones was subsequently appointed counsel who filed a supplemental RCr 11.42 motion on Jones' behalf. Jones then filed a second supplemental RCr 11.42 motion raising additional grounds based upon the Kentucky Supreme Court's recent opinion in *Commonwealth v. B.H.*, 548 S.W.3d 238 (Ky. 2018), which addressed whether the juvenile court has jurisdiction to conduct a competency hearing before conducting a youthful offender hearing.

In April 2019, the circuit court held an evidentiary hearing in which Attorneys Roland and Miller testified regarding their representation of Jones. On December 4, 2019, the circuit court denied Jones' RCr 11.42 motion to vacate his judgment. This appeal followed.

ANALYSIS

**I.   Jones was not denied his right to effective assistance of counsel.**

In this appeal, Jones primarily argues he was provided ineffective assistance of counsel prior to his guilty plea based on the following grounds: (1) his counsel failed to fully advise him regarding the plea agreement because he had a diminished capacity to understand the plea and make a decision; (2) his counsel allowed him to enter into a guilty plea even though he was incompetent to do so; (3) his counsel failed to file a motion to suppress statements he made to the police; and (4) Jones' right to assist his counsel in the preparation of his own defense was abridged due to his lack of competency. Jones separately argues that he was deprived of due process because the juvenile court failed to hold a competency hearing prior to his transfer to juvenile court. We shall address his ineffective-assistance claims first.

To successfully demonstrate ineffective assistance of counsel under RCr 11.42, Jones must meet both prongs of the test laid out in *Strickland v. Washington*, 466 U.S. 668 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The right to counsel is the right to effective assistance of counsel; therefore, *Strickland* sheds light on the two components that indicate ineffective assistance of counsel: (1) deficient performance and (2) prejudice. *Id*. at 687.

The first prong asks whether counsel's assistance was reasonable considering all the circumstances. *Id.* at 688. Courts must assuage a strong presumption that criminal defense counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. Therefore, the defendant has the burden to overcome the presumption and demonstrate otherwise. *Id.* Strategic choices made by criminal defense counsel are "virtually unchallengeable." *Id.* at 690. A defendant pursuing an ineffective assistance of counsel claim must pinpoint the specific acts or omissions alleged to not have been the result of reasonable professional judgment. *Id.* The second prong of prejudice requires the defendant to show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. Both prongs must be satisfied for the Court to grant relief. We review the trial court's factual findings on an RCr 11.42 motion on a clearly erroneous basis. *Johnson v. Commonwealth*, 412 S.W.3d 157 (Ky. 2013).

First, Jones argues his counsel was ineffective for failing to fully advise him before he accepted the plea offer because he required more in-depth communications considering his past medical history. Here, Jones fails to provide specific evidence of how his counsel failed to effectively communicate the implications of the plea agreement. Jones simply relies on the fact that his counsel, in the post-conviction evidentiary hearing, could not recall their conversations

surrounding the plea agreement. Furthermore, when Jones pleaded guilty, he acknowledged that his counsel fully advised him of his rights. Even assuming Jones could satisfy the first prong of *Strickland*, he fails to demonstrate that, but for counsel's alleged failure to fully advise him of his rights, he would not have pled guilty. Accordingly, Jones fails to satisfy both *Strickland* prongs to show his counsel's performance was ineffective.

Second, Jones maintains his counsel was ineffective for permitting him to accept a guilty plea even though he was incompetent to do so. Jones argues the plea was not made voluntarily, knowingly, and intelligently because it was the result of ineffective assistance of counsel. Relying on *Rigdon v. Commonwealth*, 144 S.W.3d 283, 285 (Ky. App. 2004), Jones claims his attorney made errors and his attorney's deficient performance so seriously affected the plea process that, but for those errors, he would not have pleaded guilty.

Specifically, Jones argues his counsel should have challenged Dr. Allen's testimony by introducing evidence of his mental limitations and by more vigorously cross-examining Dr. Allen. Also, Jones argues his counsel should have presented Dr. Houchin or another doctor as an expert witness on his behalf. Jones reasons that, if the court had an opportunity to find him incompetent, he could not have entered a guilty plea.

We agree with Jones that reasonable grounds existed to put his competency at issue. However, the circuit court held a competency hearing at the request of Jones' counsel. Nevertheless, Jones' counsel took the position that it was useless to challenge Dr. Allen's diagnosis based on a belief that the courts rarely reject the KCPC expert's competency determinations. Consequently, counsel did not seek any additional evaluations of Jones's competency either by Dr. Houchin or another physician. And as noted above, counsel only asked Dr. Allen three questions, with no follow up.

Essentially, Jones' counsel allowed the Commonwealth to dominate the inquiry on the competency issue. On the other hand, we note that defense counsel is afforded great discretion in trying a case, especially with regard to trial strategy and tactics. *Harper v. Commonwealth*, 978 S.W.2d 311, 317 (Ky. 1998). Likewise, counsel's decision to call particular witnesses generally will not be second-guessed in hindsight. *Moore v. Commonwealth*, 983 S.W.2d 479, 484-85 (Ky. 1998).

We are concerned with the limited scope of counsel's cross-examination. As previously noted, counsel stated that the courts rarely reject the KCPC expert's competency determinations. In addition, counsel noted that Dr. Houchin's report was more than a year old and did not address Jones' competency as of 2015. Counsel also testified that Dr. Houchin was not available to examine

-10-

Jones at the time of the competency hearing in the circuit court. Finally, as discussed below, counsel testified that Jones appeared to be competent and capable of assisting in his own defense. Given these explanations for the failure to pursue the competency issue more vigorously, we cannot find that counsel's decision to forego further inquiry on these matters fell outside the range of reasonable trial strategy.

Even assuming, *arguendo*, Jones' counsel's performance at the competency hearing was deficient, Jones failed to establish the second *Strickland* prong of prejudice. "To establish *Strickland* prejudice, the claimant must initially allege and ultimately show that absent counsel's error a meaningfully different result was a substantial likelihood, more likely than not or very nearly so." *Commonwealth v. Pridham*, 394 S.W.3d 867, 880 (Ky. 2012). Counsel's failure to more effectively question Dr. Allen or call his own expert does not in and of itself prove that the result of the competency hearing would have been different. Jones has not shown that the outcome of the competency hearing would have been different and that his guilty plea would not have been accepted absent ineffective assistance of counsel. Therefore, we conclude that Jones' counsel was not ineffective in permitting Jones to accept the plea agreement.

Third, Jones argues that his counsel was ineffective for failing to file a motion to suppress his statement to the police. Specifically, Jones argues that he

was sixteen years old, lacked counsel, and had significant mental impairments at the time of his statement to the police. In response, the Commonwealth argues that Jones' counsel cannot be deemed ineffective for failing to file such a motion given the overwhelming evidence of guilt against Jones, which included a co-defendant's testimony that Jones possessed the murder weapon and shot the victim, the victim's daughter answered the door and was an eyewitness to the shooting, Jones' fingerprints were on the gun, and a "blood trail" from the crime scene led to Jones' arrest shortly after the crimes.

In *Premo v. Moore*, 562 U.S. 115, 123, 131 S. Ct. 733, 740, 178 L. Ed. 2d 649 (2011), the United States Supreme Court held that a failure to file a motion to suppress can rise to the level of ineffective assistance of counsel, but not if the motion would have been "fruitless." Even if Jones' counsel filed a motion to suppress Jones' statement to the police and the court found the statement inadmissible, other evidence of Jones' guilt remained. Thus, his counsel was not ineffective for failing to file a motion to suppress.

Finally, Jones argues his counsel was ineffective because he could not adequately assist in the preparation of his defense due to his lack of competency. Jones claims that, pursuant to KRS 645.070(3) and (4), juvenile defendants have the right to be present at any hearing and participate in their own defense, yet he was not competent to assist counsel in his defense. *B.H.*, 548 S.W.3d at 248.

-12-

As stated, the circuit court found Jones competent to stand trial. Moreover, Jones' contention that he was not able to adequately assist in his defense is directly refuted through the testimony of his attorneys. At the evidentiary hearing, both of Jones' lawyers testified that Jones was able to understand "good facts" and "bad facts" in considering a guilty plea, which demonstrates that Jones was able to participate in his defense. Moreover, Dr. Allen testified that Jones could reasonably discuss the kinds of pleas to consider, he could discuss possible offers with his attorneys, and Jones could testify relevantly if he chose to do so. Accordingly, Jones' counsel was not ineffective because Jones was able to adequately assist with his representation and he was not prejudiced.

## II. The holding in *Commonwealth v. B.H.* does not apply retroactively to Jones' due process claim.

Jones also argues that his constitutional due process rights were violated because he was denied a competency hearing in juvenile court pursuant to *Commonwealth v. B.H.*, *supra*. In *B.H.*, the Kentucky Supreme Court held that a juvenile court has the discretion to decide a juvenile's competency prior to deciding whether to transfer the case to the circuit court so the juvenile can be tried as an adult. *Id.*, 548 S.W.3d at 247. The Court stated that a juvenile has a constitutional due process right to a fair trial, which includes the requirement that the juvenile be competent to stand trial. *Id.* at 247-48. The Court concluded that if

the juvenile court had not considered the issue of competency, it would have infringed on B.H.'s right to effective assistance of counsel "because inherent in effective representation is a client who can also assist in the preparation of a defense." *Id.* at 249.

Jones takes the position that the holding in *B.H.* both authorized the juvenile court to hold an evidentiary hearing prior to transfer and required it to do so as part of his rights to procedural due process. Jones does not explicitly argue that the holding in *B.H.* is retroactive to all cases which were final as of its rendition. But he does argue that the circuit court erred by failing to consider the holding in *B.H.* as relevant to his claim that he was denied due process.

While the applicability of *B.H.* is complicated, we agree with the circuit court's conclusion that it was not controlling in this case. The Kentucky Supreme Court's holding in *B.H.* involved both a new rule of statutory interpretation and a new constitutional rule. Based on the Supreme Court's holding in *B.H.*, the juvenile court, indeed, had jurisdiction to conduct the competency hearing before transferring Jones' case to circuit court. Because the Supreme Court's interpretation of KRS 620.020 was based on language of the statute in effect at the time of Jones' appearance in juvenile court, its holding regarding the district court's jurisdiction must be applied retroactively.

But concerning the new constitutional rule, the Court held that a defendant has a constitutional due process right to a competency determination at all stages of the proceeding, including prior to the juvenile transfer hearing. *Id.* at 249. Furthermore, the Court found that the denial of this due process right would constitute ineffective assistance of counsel. *Id.* "Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are accounted." *Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009) (quoting *Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 1064, 103 L. Ed. 2d 334 (1989)). Therefore, because this new rule of law requiring competency hearings at all stages of the proceeding to satisfy due process is of a constitutional dimension and no exceptions apply, it will not be applied retroactively.

## CONCLUSION

In conclusion, Jones' appellate counsel has raised significant questions about the performance of trial counsel, particularly with regard to the competency hearing. Although the issue merits close scrutiny, we cannot find that counsel's decisions to not conduct a more thorough cross-examination or present additional evidence at the competency hearing either were deficient or resulted in unfair prejudice to Jones. Likewise, Jones has not shown that he was entitled to set aside his guilty plea based on the other allegations of ineffective assistance. The

holding in *B.H. v. Commonwealth* is complicated and will affect future juvenile transfer proceedings where competency is at issue. But in this case, we conclude that the due process claim is not applicable to Jones' RCr 11.42 motion.

For the reasons set forth above, we affirm the judgment of the Fayette Circuit Court denying Jones' motion to vacate pursuant to RCr 11.42.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Kara Stinson Lewis
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Kristin L. Conder
Frankfort, Kentucky